**AKERMAN LLP**
JOSHUA R. MANDELL (CA SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38ᵗʰ Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
DONALD N. DAVID (CA SBN 264142)
Email: donald.david@akerman.com
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone:   (212) 880-3800
Facsimile:    (212) 880-8965

**AKERMAN LLP**
GLEN A. STANKEE (FL SBN 331848 admitted *pro hac vice*)
Email: glen.stankee@akerman.com
JASON OLETSKY (FL SBN 009301 admitted *pro hac vice*)
Email: jason.oletsky@akerman.com
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone:   (954) 463-2700
Facsimile:    (954) 463-2224

Attorneys for Defendant
MADELEINE PICKENS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cv-02057-AJB-NLS |
| Plaintiff, | Assigned to Hon. Anthony J. Battaglia Courtroom 3B |
| v. | |
| JOHN MICHAEL PAULSON, as the Executor of Statutory Executor of the Estate of Allen E. Paulson, and Individually; JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; CRYSTAL CHRISTENSEN, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; | **DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Date:    January 21, 2016**<br>**Time:    2:00 p.m.**<br>**Ctrm:    3B**<br>**Place:   221 West Broadway**<br>**San Diego, California 92101**<br><br>Complaint Filed:   September 16, 2015 |

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

MADELEINE PICKENS, as Statutory
Executor of the Estate of Allen E. Paulson,
as Trustee of the Marital Trust created
under the Allen E. Paulson Living Trust,
as Trustee of the

Madeleine Anne Paulson Separate
Property Trust, and Individually;

     Defendants.

Trial Date:     None

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINT AND AUTHORITIES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF CONTENTS**

Page(s)

MEMORANDUM OF LAW ........................................................................... 1

BACKGROUND .......................................................................................... 1

ARGUMENT ............................................................................................... 7

I.    The Complaint fails to state a cause of action against Ms. Pickens ..... 7

    A.    Ms. Pickens is not liable for estate tax under 26 U.S.C. §2002 as a "statutory executor". ................................................ 7

    B.    Ms. Pickens is not personally liable for the estate tax under 31 U.S.C. ¶3713. ..................................................................... 9

    C.    Ms. Pickens is not liable for estate tax under 26 U.S.C. § 6324(a)(2) as a Trustee of the of the Marital Trust. ................ 10

    D.    Ms. Pickens is not liable for estate tax under 26 U.S.C. § 6324(a)(2) as a beneficiary of the Trust. ................................. 11

    E.    Ms. Pickens is not liable for the estate tax under 26 U.S.C. § 6324(a)(2) as the Trustee of the Madeleine Anne Paulson Separate Property Trust ........................................................... 15

    F.    Ms. Pickens is not liable for the estate tax based on the indemnification provision in the Settlement Agreement. ......... 16

    G.    Ms. Pickens not is liable for prejudgment and post-judgment interest as a transferee under 26 U.S.C. §§ 6901, 6601 or 6621 .................................................................................... 17

II.   Plaintiff's claim for estate tax assessed on November 26, 2001, is time barred ............................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baptiste v. Commissioner,*
 29 F. 3d 1533 (11th Cir. 1994) ........................................................ 11, 15

*Englert v. Comm'r,*
 32 TC 1008 (1959).......................................................................... 11, 12, 14

*Higley v. Comm'r,*
 69 F. 2d 160 (8th Cir. 1934) ................................................................ 11

*U.S. v. Johnson,*
 112 AFTR 2d 2013-5474 (D. Utah, July 29, 2013) ................................ 11, 13, 14

**Statutes**

26 U.S.C. §671-679, §2036-§2038 ................................................................ 4

26 U.S.C. §2001 ................................................................................... 5

26 U.S.C. §2002 ............................................................................... 7, 8, 9

26 U.S.C. § 2010 ................................................................................. 16

26 U.S.C. §2010(c) ............................................................................... 5

26 U.S.C. § 2032 ................................................................................. 2

26 U.S.C. § 2034 .............................................................................. 4, 12

26 U.S.C. §§ 2035 ............................................................................ 4, 13

26 U.S.C. §§2035-2038 ......................................................................... 13

26 U.S.C. § 2036 ...................................................................... 4, 10, 13, 14

26 U.S.C. § 2037 ................................................................................ 13

26 U.S.C. § 2038 ............................................................................. 4, 13

26 U.S.C. § 2040 ............................................................................. 4, 13

26 U.S.C. § 2041 ............................................................................. 4, 13

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

26 U.S.C. § 2042................................................................5, 13, 14, 15

26 U.S.C. § 2056...........................................................................6, 16

26 U.S.C. § 2203....................................................................................8

26 U.S.C. §6151.....................................................................................3

26 U.S.C. § 6166.........................................................2, 10, 17, 18, 19

26 U.S.C. § 6166(a)(1).........................................................................18

26 U.S.C. § 6166(a)(2).........................................................................19

26 U.S.C. § 6166(b)(1)(B) and (C)......................................................18

26 U.S.C. § 6166(b)(6).........................................................................18

26 U.S.C. § 6166(b)(10).......................................................................19

26 U.S.C. § 6166(c).............................................................................18

26 U.S.C. § 6166(f)..............................................................................10

26 U.S.C. §6166(f)(1)...........................................................................3

26 U.S.C. § 6324(a)(2)...................................10, 11, 12, 13, 14, 15, 17

26 U.S.C. §6502.....................................................................17, 18, 19

26 U.S.C. § 6503(d)..............................................................................17

26 U.S.C. § 6616(g)(3).........................................................................18

26 U.S.C. §§ 6901, 6601......................................................................17

26 U.S.C. §§ 6901, 6601 and 6621......................................................17

31 U.S.C. ¶3713......................................................................................9

31 U.S.C. § 3713.....................................................................................9

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINT AND AUTHORITIES**

## MEMORANDUM OF LAW

Plaintiff's Complaint fails in whole to state a cause of action against Ms. Pickens for which relief can be granted. Plaintiff's claim against Ms. Pickens for the estate tax that was assessed on November 26, 2001, is also time barred and must be summarily dismissed with prejudice.

## BACKGROUND

On December 19, 1988, before Allen E. Paulson (the **"Decedent"**) and Ms. Pickens were married, they entered into an Antenuptial Agreement, which contractually entitled Ms. Pickens to a share of the Decedent's property upon his death. Complaint ¶10. On January 28, 2000, the Decedent amended and restated his revocable trust, the Allen E. Paulson Living Trust dated December 23, 1986 (the **"Trust"**), in which he provided Ms. Pickens with the option of choosing between (i) the property to which she was entitled under the Antenuptial Agreement; and (ii) certain property distributable to her under the Trust. Complaint ¶11-¶12. A copy of the Trust, as amended and restated on January 28, 2000, is attached as Appendix **"A"**. The property distributable to Ms. Pickens under the Trust included (i) title to Decedent's residence located at 14497 Emerald Lane, Rancho Santa Fe, California (the **"Rancho Santa Fe residence"**); (ii) the contents of the Rancho Santa Fe residence; and (iii) 25% of the residue of the Trust property after the payment all debts. The title to the Rancho Santa Fe residence and the residue were to be held in a Marital Trust for Ms. Pickens' benefit and subsequently distributed to her. The contents of the Rancho Santa Fe residence were to be distributed to her outright. Distributions to Ms. Pickens under the Trust would discharge the Decedent's contractual obligations to her under the Antenuptial Agreement.

On June 6, 2000, the Decedent amended the Trust to also provide for the outright distribution to Ms. Pickens of title to the Decedent's residence located at 2614 Ocean Front, Del Mar, California (the **"Del Mar residence"**) and its contents. A copy of the Trust Amendment dated June 6, 2000, is attached as Appendix **"B"**.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

The Decedent died on July 19, 2000. Decedent's son, John Michael Paulson (**"Michael Paulson"**), and Edward White were appointed, and served, as Co-executors of the Decedent's Estate and as successor Co-trustees of Decedent's Trust.[1] Complaint ¶23, ¶25. Ms. Pickens never served as an executor of the Decedent's Estate or as trustee of the Trust.  Complaint ¶23, ¶25. Although she was nominated to serve as Co-trustee of the Marital Trust with Michael Paulson and Edward White, she never served in that capacity. The Marital Trust was never created or funded. Complaint ¶16, ¶25, ¶34, ¶35, ¶91. By order of the court, the Trust was modified to by-pass the Marital Trust entirely. Complaint ¶34.

On October 23, 2001, Michael Paulson, as Co-executor of the Decedent's Estate, filed Form 706, United States Estate Tax Return, in which he reported assets having a value on the date of Decedent's death of $193,434,344.[2] A copy of Form 706, United States Estate Tax Return, is attached as Appendix **"C"**. The value of the Decedent's assets on January 19, 2001, the alternate valuation date prescribed by 26 U.S.C. § 2032, was reported to be $187,729,626. Complaint ¶24, ¶27. The estate tax return reports marital bequests to Ms. Pickens of $9,917,923, which consisted of (i) the Rancho Santa Fe residence and its contents; (ii) the Del Mar residence and its contents; and (iii) 25% of the residue of the Trust property. The estate tax return also reports (i) administrative costs, debts and losses of $168,577,581; (ii) a taxable estate (net of the marital bequests) of $9,234,172; and (iii) an estate tax liability of $4,459,051, of which $706,296 was paid with the return. Michael Paulson elected to pay the balance of the estate tax liability in installments pursuant to 26 U.S.C. § 6166. Complaint ¶29. The estate tax liability reported on the return was assessed on

---

[1] Edward White was replaced as Co-executor and Co-trustee by Nicholas V. Diaco on October 8, 2001.

[2] This total was understated by more than $15 Million. It reflects a value for the Decedent's shares in Cardio Dynamics International Corporation that is more than $10.5 Million less than the value that was determined by the IRS. It also reflects a value of -0- for the Decedent's shares in Gold River Hotel & Casino Corporation which the IRS determined to have a value of $5,380,000.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

November 26, 2001. Complaint ¶28. The first installment of interest was due on April 19, 2003 (one year after the date prescribed by 26 U.S.C. §6151 for the payment of tax). 26 U.S.C. §6166(f)(1).  Michael Paulson failed to make one or more installments of interest or taxes when due. Complaint ¶45.  Ms. Pickens did not have title or control over any property of the Decedent's Estate or Trust on the date of the Decedent's death.[3] In fact, she did not receive any of Decedent's property until March, 2003 (nearly 3 years after the Decedent's death), when it was transferred to her by the Co-trustees of the Trust pursuant to the terms of a settlement agreement after bitter and protracted litigation (**"Settlement Agreement"**). Complaint ¶33. A copy of the Settlement Agreement is attached as Appendix **"D"**. At that time, Ms. Pickens elected to take the property distribution provided for her under the Trust in lieu of the amounts to which she was entitled under the Antenuptial Agreement. Complaint ¶33. Under the Settlement Agreement, she received (i) title to the Rancho Santa Fe residence and its contents; (ii) title to the Del Mar residence and its contents; and (iii) the Decedent's stock in Del Mar Country Club, Inc. Complaint ¶88. While the Del Mar residence, the contents of both residences, and the stock in Del Mar Country Club, Inc. were never intended to be transferred to, held in or distributed from, the Marital Trust, the Settlement Agreement provided that the Rancho Santa Fe residence would also be distributed outright to Ms. Pickens.  By order of the court, Decedent's Trust was modified to by-pass the Marital Trust entirely. Complaint ¶34. Rather than take title to the residences in her individual name, Ms. Pickens directed the Co-trustees of Decedent's Trust to transfer title to her revocable trust, the Madeleine Anne Paulson Trust, a/k/a the Madeleine Anne Paulson Separate Property Trust, dated June 12, 1992, as amended and restated on April 13, 2000.  This eliminated the need for her to re-convey those properties to her revocable trust in order to achieve the important

---

[3] While she was living in one of Decedent's residences at the time of the Decedent's death, she did not have title or any legal right to possession.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 - FAX: (213) 627-6342

estate planning purpose of avoiding probate of those properties upon her death. [4] Copies of the deeds to the Del Mar residence and the Rancho Santa Fe residence are attached as Appendix "**E-1**" and "**E-2**", respectively. A copy of the relevant portions of the Madeleine Anne Paulson Separate Property Trust, as amended and restated on April 13, 2000, is attached as Appendix **"F"**.[5] The aggregate value of property distributed to Ms. Pickens by the Co-trustees under the Settlement Agreement was $19,040,654. Complaint ¶88. This distribution terminated Ms. Pickens' interests in the Decedent's Estate and Trust.

Each property that the Co-trustees transferred to Ms. Pickens pursuant to the Settlement Agreement was included in the Decedent's estate under (i) 26 U.S.C. § 2036, because the Decedent retained the right to use the property for the remainder of his life; and/or (ii) 26 U.S.C. § 2038, because Decedent transferred the property to a trust that he reserved the right to revoke during his lifetime. Each property was distributed to Ms. Pickens in her capacity as creditor[6] or beneficiary of the Trust. None of the Trust property distributed to Ms. Pickens was included in the Decedent's estate as dower or curtesy under 26 U.S.C. § 2034. None of the Trust property distributed to Ms. Pickens was included in the Decedent's estate under 26 U.S.C. §§ 2035 or 2037. None of the Trust property distributed to Ms. Pickens was included in Decedent's estate as jointly owned property under 26 U.S.C. § 2040. None of the Trust property distributed to Ms. Pickens was included in the Decedent's estate by reason of the exercise, non-exercise or release of a power of appointment under 26 U.S.C. §

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[4] A revocable trust does not have an identity for federal tax purposes that is separate from its Grantor. *See,* 26 U.S.C. §671-679, §2036-§2038).

[5] Ms. Pickens amended and restated the Madeline Anne Paulson Separate Property Trust again February 19, 2004.

[6] To the extent that the distribution satisfied the Decedent's contractual obligations to Ms. Pickens under the Antenuptial Agreement, it was received by her in her capacity as a creditor. The balance, if any, was received by her as a trust beneficiary. Plaintiff has not alleged the amount to which Ms. Pickens was entitled under the Antenuptial Agreement. The Co-trustees treated all such transfers as distributions to her in her capacity as a trust beneficiary. All property transferred to Ms. Pickens in her capacity as either a creditor or surviving spouse was deductible for estate tax purposes.

2041.   None of the Trust property distributed to Ms. Pickens was included in Decedent's estate as life insurance proceeds under 26 U.S.C. § 2042.

After the transfers to Ms. Pickens, the Trust had assets with a value of approximately $21 million.[7]  In 2004, Michael Paulson made distributions to other beneficiaries of the Trust totaling $5,921,887. Complaint ¶36. In 2006, he distributed $1,250,000 to another beneficiary. Complaint ¶43.[8]

On January 16, 2005 (nearly 2 years after Ms. Pickens interest in the Trust terminated), the IRS determined a deficiency in estate tax in the amount of $37,801,245, after increasing the value of the assets by $20,603,766 and disallowing $48,125,771 of the deductions for administrative expenses and debt. Complaint ¶38. The IRS determined that the Decedent's taxable estate (net of the property distributed to Ms. Pickens) was $77,963,709. A copy of the IRS audit report dated October 13, 2004, is attached as Appendix **"G"**.

On December 2, 2005, the IRS and Michael Paulson, as Executor of the Decedent's Estate, agreed upon an estate tax deficiency in the amount of $6,699,477, after increasing the marital deduction for the transfers to Ms. Pickens from $9,917,923 to $19,040,654. Complaint ¶40, ¶41. A copy of the Tax Court Decision reflecting that deficiency is attached as Appendix **"H"**. A deficiency of this amount means that, on the alternate valuation date, the Decedent's taxable estate was approximately $21 million, and his adjusted gross estate (before the marital deduction) was approximately $40 million.[9] After the marital bequests to Ms. Pickens, the Trust still had approximately $21 million with which to pay estate taxes. Because each property

---

[7] See Note 9.

[8] Plaintiff did not seek to recover estate taxes from any of these Trust beneficiaries.

[9] The total estate tax liability was $11,158,528 ($4,459,051 reported on the estate tax return, plus the $6,699,477 deficiency). Because the marginal estate tax rate under 26 U.S.C. §2001 was 55% in 2000, the taxable estate (after a marital deduction of $19,040,654) was $20,963,233 ($11,128,528 / .55 + $675,000 (the "applicable exclusion amount" of the $220,000 unified credit that was in effect under 26 U.S.C. §2010(c) in 2000)). Accordingly, the "adjusted gross estate" (before the marital deduction) equaled $40,003,887.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

transferred to Ms. Pickens qualified for the marital deduction provided in 26 U.S.C. § 2056, none of the unpaid estate tax is attributable to any property that was transferred to her.

As Co-executor of the Decedent's Estate and Co-trustee of Decedent's Trust, Michael Paulson was obligated to apply the Estate and Trust assets to discharge the estate tax liability.  However, as explained in the court's order removing Michael Paulson as Trustee of Decedent's Trust dated March 24, 2009 (six years after Ms. Pickens' interest in the Trust terminated),  a copy of which is attached as Appendix **"I",** the failure to pay estate taxes was due entirely to Michael Paulson's misconduct and gross mismanagement of the Trust assets. Under the terms of the Trust, as amended, Michael Paulson was forbidden to invest more than $20 million of the Trust's assets in Supersonic Aerospace International, LLC, a Lockheed Martin Supersonic Business Jet Project. He wrongfully invested $28.5 million of the Trust's assets in that project. Michael Paulson was also required to sell the Decedent's race horses as soon after the Decedent's death as possible. Instead, he purchased more horses at a cost of approximately $4 million. While Michael Paulson served as Trustee, the value of the race horses plummeted from nearly $40 million to approximately $11 million. In addition, Michael Paulson paid himself more than $3 million in Trustee's fees and traveled (by private aircraft) to horse races (including some in Ireland) and national and international air shows, all at the Trust's expense. He caused the Trust to retain ownership of its shares in Full House Resorts, Inc. so that he could continue to draw his personal compensation as a director of that company. The court specifically found that "[t]he only reason the estate taxes and other debts have not been paid is because Michael has chosen, for improper reasons, not to pay them. The remaining estate taxes, estimated to amount to approximately $10 million . . . could be paid at any time if Michael would sell the horses . . . as directed by the trust instrument." The court went on to say that "Michael has treated the trust and its assets, to a significant degree, as his own personal estate to do with as

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

MEMORANDUM OF POINT AND AUTHORITIES

he pleases." Michael Paulson's misconduct occurred many years after Ms. Pickens' interest in the Decedent's Trust and Estate terminated.

Michael Paulson was replaced by successor Trustees, Vikki Paulson and James D. Paulson. As of April 11, 2009 (more than 6 years after Ms. Pickens' interest in the Trust terminated), Vikki Paulson and James D. Paulson reported that the net value of the Trust's assets totaled $13,738,727. Complaint ¶44. On June 10, 2010, James D. Paulson was removed as trustee for violating the court's orders, and Vikki Paulson served as sole Trustee until February 28, 2011, when Crystal Christensen was appointed to serve with her as Co-trustee. Complaint ¶46. ¶48. On February 28, 2011 (8 years after Ms. Pickens' interest in the Trust terminated), Vikki Paulson and Crystal Christensen reported the net value of the Trust's assets to be $8,802,034. Complaint ¶48.

On January 15, 2013,  (nearly 10 years after Ms. Pickens' interest in the Trust terminated), Vikki Paulson and Crystal Christensen, as Co-trustees of the Trust, entered into a settlement agreement with Michael Paulson which provided for the distribution to him of substantially all of the remaining assets of the Trust, including the Trust's $28.5 million investment in Supersonic Aerospace International, LLC and the stock in Gold River Hotel & Casino Corporation, which the IRS valued at $5,380,000, free and clear of any encumbrances. Complaint ¶53. A copy of that settlement agreement is attached as Appendix **"J"**. The settlement agreement was approved by the court on June 3, 2013. A copy of the court order approving the settlement agreement is attached as Appendix "**K**". Ms. Pickens, having long since terminated any interest in either the Estate or Trust, played no role in that settlement.

## ARGUMENT

I.   **The Complaint fails to state a cause of action against Ms. Pickens**

A.   **Ms. Pickens is not liable for estate tax under 26 U.S.C. §2002 as a "statutory executor".**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiff contends that Ms. Pickens is liable for the estate tax under 26 U.S.C. §2002 in her capacity as "statutory executor" (as defined in 26 U.S.C. § 2203), of the Decedent's Estate. Complaint ¶8. Plaintiff's contention is flawed and fails as a matter of law. 26 U.S.C. §2203 defines "executor" as follows:

> The term "executor" wherever it is used in this title in connection with the estate tax imposed by this chapter means the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent.

The executors liable for the estate tax under 26 U.S.C. § 2002 are the persons appointed, qualified and acting as executors or administrators. Ms. Pickens was never appointed -- and more importantly, never served --  as executor of the Decedent's Estate or as Trustee of Decedent's Trust. Complaint ¶23, ¶25. Only "[i]f there is no executor or administrator appointed, qualified and acting within the United States" may a "person in actual or constructive possession of any property of the decedent" on the date of the decedent's death be considered a "statutory executor". Thus, Ms. Pickens was never the "statutory executor" of the Decedent's Estate because Michael Paulson and Edward White were appointed, qualified and served as Co-executors of Decedent's Estate and as Co-trustees of Decedent's Trust.

Moreover, on December 4, 2012, the United States Tax Court specifically rejected Vikki Paulson and Crystal Christensen's contention that they, as Co-trustees of the Trust, were "executors" of Decedent's estate under 26 U.S.C. §2203, and should therefore be allowed to petition the Court for a redetermination of the collection action taken by the IRS to collect the estate taxes owed by Decedent's estate. The Court ruled that only the court appointed executor (i.e., Michael Paulson) was an "executor" under 26 U.S.C. §2203. A copy of that Tax Court Order is attached as Appendix "**L**".

**MEMORANDUM OF POINT AND AUTHORITIES**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

Because Ms. Pickens was never a "statutory executor", Plaintiff's claim for relief under 26 U.S.C. § 2002 is fatally flawed and should be dismissed as a matter of law.

      B.    <u>Ms. Pickens is not personally liable for the estate tax under 31 U.S.C. ¶3713.</u>

Plaintiff contends that Ms. Pickens is personally liable for the estate tax under 31 U.S.C. ¶3713. Complaint ¶8.[10]  There is simply no merit to that contention. 31 U.S.C. ¶3713 provides that:

> a claim of the United States Government shall be paid first when . . . the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor . . . a representative of . . . an estate paying any part of a debt of the . . . estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

This section imposes liability on the representative of the estate when s/he pays the estate's debts owed to other creditors and not the claims of the Government. It does <u>not</u> impose liability on the person to whom the representative makes the payment. As previously noted, Ms. Pickens never served as the executor, administrator or representative of the Decedent's Estate or Trust. Complaint ¶23, ¶25. Accordingly, Plaintiff cannot state a cause of action against Ms. Pickens under 31 U.S.C. §3713 for which relief can be granted.

Even if such a claim could be made, 31 U.S.C. § 3713 could not apply because the Trust had sufficient assets to pay all of its debts. After Ms. Pickens received her

---

[10] Of note, Plaintiff fails to even cite 31 U.S.C. ¶3713 as a basis of relief in Count VII, Judgment Against Madeline Pickens", and instead merely alleges that Ms. Pickens is personally liable for the unpaid estate tax liability. Moreover, Plaintiff's prayer for relief fails to cite 31 U.S.C. §3713 as a basis for imposing liability on Ms. Pickens. The *only* place where 31 U.S.C. §3713 is cited is in the description of the Parties in paragraph 8 of the Complaint.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

distribution, the Trust still had about $21 million,[11] which was more than twice the estate tax liability. As of August 11, 2009, more than 6 years after Ms. Pickens received her property, and after Michael Paulson distributed $7.2 million to other beneficiaries, the Trust still had net assets of $13,738,727. Complaint ¶36, ¶43, ¶44. As of February 28, 2011, more than eight years after Ms. Pickens received her property, the Trust still had net assets of $8,802,034. Complaint ¶48.  Had Plaintiff exercised reasonable diligence in discharging its duties, it would have collected the tax when Michal Paulson first failed to make the installments that were due under 26 U.S.C. § 6166.[12]

C.    Ms. Pickens is not liable for estate tax under 26 U.S.C. § 6324(a)(2) as a Trustee of the of the Marital Trust.

Plaintiff also contends that Ms. Pickens is liable for estate tax under 26 U.S.C. § 6324(a)(2) in her capacity as Trustee of the of the Marital Trust. Complaint ¶8, ¶90-¶94. Plaintiff's theory is wholly without merit. 26 U.S.C. § 6324(a)(2) imposes liability for estate tax on the trustee of a revocable trust to whom the decedent transferred property during his life or immediately upon his death that is included in the decedent's estate under 26 U.S.C. §§ 2036 and/or 2038.  However, it is undisputed that Ms. Pickens never served as trustee of the Decedent's Trust. Complaint ¶25, ¶34-¶35. While the Decedent nominated Ms. Pickens to serve as a Co-trustee of the Marital Trust, along with Michael Paulson and Edward White, she never accepted that nomination. The Marital Trust was never created or funded. Complaint ¶34-¶35. No property was ever transferred to Ms. Pickens by the Decedent during his life or

---

[11] See Note 9.

[12] While Plaintiff alleged that Michael Paulson failed to make "one or more" installments, it did not allege when the first breach occurred. Complaint ¶45. Under 26 U.S.C. § 6166(f), the first installment of interest was due April 19, 2003. By the time the IRS completed its audit of the estate tax return on October 13, 2004, it was obvious that Decedent's estate never qualified to make the 26 U.S.C. § 6166 election. At that time, the Trust had sufficient assets to pay the tax. *See* Note 9 and text accompanying Notes 19-22.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

immediately upon his death. In fact, the Decedent's Trust was modified by order of the court to by-pass the Marital Trust entirely. Complaint ¶34. Accordingly, Plaintiff has failed to state a cause of action against Ms. Pickens under 26 U.S.C. § 6324(a)(2) in her capacity as Trustee of the Marital Trust for which relief can be granted.

      D.    <u>Ms. Pickens is not liable for estate tax under 26 U.S.C. § 6324(a)(2) as a beneficiary of the Trust</u>.

Plaintiff contends that Ms. Pickens is personally liable to Plaintiff for the unpaid estate taxes under 26 U.S.C. § 6324(a)(2), presumably in her capacity as a beneficiary of the Trust.[13] Complaint ¶8, ¶92-¶94. To the extent that the Complaint can be construed as alleging that Ms. Pickens is liable for the estate tax as a beneficiary of the Trust, such a contention fails as a matter of law. It has been well settled for more than eighty (80) years that a trust beneficiary is <u>never</u> liable for estate taxes under 26 U.S.C. § 6324(a)(2), because a trust beneficiary is neither a "transferee" nor a "beneficiary" as those terms are used in 26 U.S.C. § 6324(a)(2). *Higley v. Comm'r*, 69 F. 2d 160 (8th Cir. 1934) (holding that a trust beneficiary was not a "transferee" as the term is used in section 315(b) of the 1926 Code, the predecessor to 26 U.S.C. § 6324(a)(2)). *See, also, Englert v. Comm'r*, 32 TC 1008 (1959); *Garrett*, TC Memo 1994-70; *Estate of Govern v. Comm'r*, TC Memo 1996-434; *U.S. v. Johnson*, 112 AFTR 2d 2013-5474 (D. Utah, July 29, 2013), amending 109 AFTR 2d 2012-2253 (D. Utah, May 23, 2012).

---

[13] Plaintiff's basis for imposing liability on Ms. Pickens is unclear in the Complaint. Plaintiff implies, but does not specifically contend, that Ms. Pickens is liable for the estate tax in her capacity as a beneficiary of the Trust. Plaintiff alleges that Ms. Pickens is liable for the tax in her capacity as Trustee of her own revocable trust and "additionally" personally liable for the tax under 26 U.S.C. §6324(a)(2), Complaint ¶94. Plaintiff's reliance on *Baptiste v. Commissioner*, 29 F. 3d 1533 (11th Cir. 1994) also suggests that it is attempting to impose liability on Ms. Pickens in her capacity as a beneficiary of the Trust. In any event, Ms. Pickens received the property from Decedent's Trust only in her capacity as either a creditor or beneficiary of the Trust. Since 26 U.S.C. § 6324(a)(2) never imposes liability on a creditor, she can only be liable under 26 U.S.C. § 6324(a)(2) to the extent that it imposes liability on trust beneficiaries.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

26 U.S.C. § 6324(a)(2)[14] is the successor to section 827(b) of the 1939 Tax Code and 315(b) of the 1926 Tax Code. Each version of the statute is substantially the same and imposes liability for unpaid estate tax on only six distinct categories of persons who, on the date of the decedent's death, receives, or has, non-probated property that is included in the decedent's gross estate under section 2034 to 2042 (sections 811(b) to 811(g) of the 1939 Code), inclusive:

    (i)      spouse;

    (ii)     transferee;

    (iii)    trustee;

    (iv)   surviving tenant;

    (v)    person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment; and

    (vi)   beneficiary.

As the Tax Court explained in *Englert v. Comm'r*, 32 TC 1008 (1959), each category of persons corresponds directly, and sequentially, with the particular section under which the property is included in the decedent's estate. The term "spouse" as it is used in 26 U.S.C. § 6324(a)(2) refers only to a spouse who receives property that is included in the decedent's estate as dower and curtesy under 26 U.S.C. §2034 (section

---

[14] IRC § 6324(a)(2) provides as follows:

**(2) Liability of transferees and others.**
If the estate tax imposed by chapter 11 is not paid when due, then the <u>spouse, transferee, trustee</u> . . , <u>surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary,</u> who receives, or has on the date of the decedent's death, property included in the gross estate under <u>sections 2034 to 2042</u>, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, to a purchaser or holder of a security interest shall be divested of the lien provided in <u>paragraph (1)</u> and a like lien shall then attach to all the property of such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, or transferee of any such person, except any part transferred to a purchaser or a holder of a security interest.
(emphasis added).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

811(b) of the 1939 Code). The terms "transferee" and "trustee" as they are used in 26 U.S.C. § 6324(a)(2) refer only the persons to whom the decedent transferred property during his lifetime or immediately upon his death, outright or in trust, respectively (i) in contemplation of death and which is included in the decedent's estate under 26 U.S.C. § 2035; (ii) subject to a retained life estate and which is included in the decedent's estate under 26 U.S.C. § 2036; (iii) that takes effect upon his death and which is included in the decedent's estate under 26 U.S.C. § 2037; or (iv) subject to a right to revoke and which is included in the decedent's estate under 26 U.S.C. § 2038.[15]

The term "surviving tenant" as it is used in 26 U.S.C. § 6324(a)(2) refers only to the person with whom the decedent owned property as joint tenants and which is included in the decedent's estate under 26 U.S.C. §2040 (section 811(e) of the 1939 Code). The term "person in possession of the property by reason of the exercise, non-exercise, or release of a power of appointment" as it is used in 26 U.S.C. § 6324(a)(2) refers only to the person who received property which is included in the decedent's estate under 26 U.S.C. § 2041(section 811(f) of the 1939 Code). The term "beneficiary" as it is used in 26 U.S.C. § 6324(a)(2) refers only to the person who received proceeds of life insurance on the decedent's life which are included in the decedent's estate under 26 U.S.C. §2042 (section 811(g) of the 1939 Code). *See, also, Garrett*, TC Memo 1994-70; *Estate of Govern v. Comm'r*, TC Memo 1996-434; *U.S. v. Johnson*, 112 AFTR 2d 2013-5474 (D. Utah, July 29, 2013), amending 109 AFTR 2d 2012-2253 (D. Utah, May 23, 2012).

Ms. Pickens falls into none of these categories.  Each property that Ms. Pickens received from the Co-trustees was included in the Decedent's estate under 26 U.S.C. §§ 2036 and/or 2038. As the Court explained in *Johnson*, only the "transferee" or "trustee" to whom the Decedent transferred property during his lifetime or

---

[15] The predecessors to 26 U.S.C. §§2035-2038 are sections 811(c) and 811(d) of the 1939 Code.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

immediately upon his death that is included in his estate under 26 U.S.C. §§ 2036 and/or 2038 is liable for estate tax under 26 U.S.C. § 6324(a)(2). Because the Decedent did not transfer any property to Ms. Pickens during his lifetime or immediately upon her death, she is not a "transferee" or "trustee" as the terms are used in 26 U.S.C. § 6324(a)(2). She received the property from the Co-trustees of Decedent's Trust in March of 2003 (nearly three (3) years after the Decedent's death) in her capacity as either a creditor or beneficiary of the Trust. A trust beneficiary is never liable under 26 U.S.C. § 6324(a)(2) because she is neither a "transferee" or "beneficiary" as the terms are used in that section. A trust beneficiary is the transferee of the "trustee", and 26 U.S.C. § 6324(a)(2) does not impose liability on the transferee of a "trustee". It is the duty of the trustee, not the beneficiary, to see that the estate taxes are paid. Property never reaches the hands of the beneficiary except through the hands of the trustee.

As the Tax Court explained in *Garrett*, the term "beneficiary" as used in 26 U.S.C. § 6324(a)(2) refers only to a beneficiary of a life insurance policy on the decedent's life that is included in the decedent's estate under 26 U.S.C. § 2042. It does not refer to the beneficiary of a trust whose assets are included in the decedent's estate under 26 U.S.C. §§ 2036 and/or 2038. The court held that a trust beneficiary is not a "beneficiary" as the term is used in 26 U.S.C. § 6324(a)(2) after noting that "the language and sequence of the relevant portion of section 6324(a)(2) is substantially the same as former section 827(b) [of the 1939 Code]. We find nothing in the current statutory language that would warrant a more expansive definition of 'beneficiary' or a departure from earlier precedent [i.e., *Englert*] under section 827(b)." TC Memo 1994-70 at 94-332.

In *Johnson*, the court agreed with the Tax Court in *Garrett* when it said "[i]t is clear that the term 'beneficiary' was only meant to refer to insurance beneficiaries under section 6324(a)(2) and not beneficiaries of a trust." 112 AFTR 2d 2013-5480. None of the property received by Ms. Pickens included the proceeds of a life

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

insurance policy on the Decedent's life. Accordingly, any attempt to impose liability against Ms. Pickens in her capacity as a beneficiary of the Decedent's Trust under 26 U.S.C. § 6324(a)(2) is fatally flawed and should be summarily dismissed by this Court.[16]

E.  Ms. Pickens is not liable for the estate tax under 26 U.S.C. § 6324(a)(2) as the Trustee of the Madeleine Anne Paulson Separate Property Trust.

Plaintiff contends that Ms. Pickens is liable for the estate tax under 26 U.S.C. § 6324(a)(2) in her capacity as Trustee of the Madeleine Anne Paulson Separate Property Trust. Complaint ¶8, ¶92-¶94. As with Plaintiff's other theories, there is no merit to this contention. Ms. Pickens instructed the Co-trustees to issue the deeds to her as trustee of her own revocable trust, the Madeleine Anne Paulson Separate Property Trust dated June 12, 1992, as amended and restated on April 13, 2000, so that she would not have to re-convey those properties to her trust to avoid probate of those properties upon her death, but this had no legal consequences relevant to these proceedings as the revocable trust is for all relevant purposes an alter ego for her personally. The Co-trustees of the Decedent's Trust transferred the properties to Ms. Pickens in her capacity as a creditor or beneficiary of that Trust. As discussed above, a trust beneficiary is not liable for estate tax under 26 U.S.C. § 6324(a)(2) because she is neither a "transferee" nor a "beneficiary" as those terms are used in that section. Plaintiff's attempt to portray Ms. Pickens as a "trustee" rather than a trust beneficiary fails because 26 U.S.C. § 6324(a)(2) imposes liability for the estate tax on only the trustee to whom the decedent transferred property during his life or immediately upon his death. It does not impose liability on the trustee of the beneficiary's trust. Since Ms. Pickens never served as a trustee of Decedent's Trust, Plaintiff has failed to state a

---

[16]  Plaintiff's reliance on *Baptiste v. Commissioner*, 29 F. 3d 1533 (11th Cir 1994), as its authority for imposing liability on Ms. Pickens under 26 U.S.C. § 6324(a)(2) is misplaced. The petitioner in that case was the beneficiary of an insurance policy on the decedent's life that was included in the decedent's estate under 26 U.S.C. § 2042. Unlike a trust beneficiary, a life insurance beneficiary is liable for estate tax under 26 U.S.C. §6324(a)(2).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

cause of action against Ms. Pickens as Trustee of the Madeleine Anne Paulson Separate Property Trust for which relief can be granted.

   F.   **Ms. Pickens is not liable for the estate tax based on the indemnification provision in the Settlement Agreement.**

   Plaintiff erroneously alleges that Ms. Pickens is liable to the Decedent's Trust for the amount of the unpaid estate tax liability based on the Settlement Agreement which included the following provision:

> The liability for any estate tax or gift tax (determined at the highest marginal tax rate and without the benefit of any credit or exclusion amounts[17]) payable as a result of any distribution made to Madeleine pursuant to the Agreement shall be borne entirely by Madeleine, and, in furtherance of such obligation, Madeleine agrees to indemnify, defend and hold harmless the Co-Trustees from and against any such liability.

(emphasis added). Plaintiff also erroneously alleges that Ms. Pickens is liable to Plaintiff as a third party beneficiary of the Settlement Agreement. Complaint ¶95-¶100. Such allegations fail as a matter of law. Ms. Pickens has no liability to the Trust because none of the estate tax was "payable as a result of any distribution made" to her under the Settlement Agreement. Every property distributed to Ms. Pickens qualified for the unlimited marital deduction provided in 26 U.S.C. § 2056. The distribution to her under the Settlement Agreement resulted in an estate tax savings of approximately $5 million because it increased the marital deduction from $9,917,923 to $19,040,654.[18] As such, no liability for the distributions attaches to Ms. Pickens and

---

[17] The terms "credit" and "exclusion amounts" in this context clearly refer to the unified credit provided in 26 U.S.C. § 2010, and its "applicable exclusion amount" (i.e., the amount of property that is excluded from estate tax by virtue of the unified credit). The unified credit has no application to property that qualifies for the marital deduction. It is applied to the tax liability determined after the marital deduction has been applied.

[18] Except for any estate tax liability incurred "as a result of any distribution made" to Ms. Pickens, the Settlement Agreement specifically provides that:

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

any attempt to hold her liable under the indemnity provisions of the Settlement Agreement should be summarily dismissed.

Furthermore, Plaintiff is not a third party beneficiary of the Settlement Agreement. That agreement specifically provides in Section 39 that it inures to the benefit of only the parties and their heirs, successors and assigns. This precludes claims by anyone claiming to be a third party beneficiary, including the United States.

G.   Ms. Pickens not is liable for prejudgment and post-judgment interest as a transferee under 26 U.S.C. §§ 6901, 6601 or 6621.

Plaintiff alleges that Ms. Pickens is liable for prejudgment and post-judgment interest under 26 U.S.C. §§ 6901, 6601 and 6621. Complaint ¶94. However, because Ms. Pickens has no liability for the estate tax under 26 U.S.C. § 6324(a)(2) for the reasons discussed above, she has no liability for pre and post-judgment interest.

II.   Plaintiff's claim for estate tax assessed on November 26, 2001, is time barred.

Separate and apart for the arguments set forth above, the Complaint is timely only with respect to that portion of the estate tax that was assessed on January 30, 2006. The estate tax that was reported on the initial return was assessed on November 26, 2001. Under 26 U.S.C. §6502, the 10-year statute of limitations applicable to the collection of that tax expired on November 26, 2011, four years ago. However, Plaintiff contends that, under 26 U.S.C. § 6503(d), the statute of limitations was suspended until May 7, 2010, when the IRS notified Michael Paulson, as Executor of the Decedent's Estate, that the 26 U.S.C. § 6166 election ceased to apply for his failure

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[T]he parties acknowledge and agree that Madeline shall have no liability for the payment of Death Taxes . . . and that all such taxes shall be paid by the Co-Trustees, and, in furtherance of such obligation, the Co-Trustees agree to indemnify, defend and hold harmless Madeline from and against any such liability.

to make one or more installments. Complaint ¶29, ¶45. However, the statute of limitations prescribed by 26 U.S.C. § 6502 was never suspended because Decedent's estate never qualified to make the 26 U.S.C. § 6166 election.[19]

To qualify for the 26 U.S.C. § 6166 election, the decedent must have died owning an interest in one or more "closely held businesses" having a value that exceeds 35% of his "adjusted gross estate". 26 U.S.C. § 6166(a)(1). Under 26 U.S.C. § 6166(c), interests in two or more "closely held businesses" can be combined to satisfy the 35% threshold. A "closely held business" can include a partnership or corporation, but only if the decedent owned at least 20% (in value) of its outstanding capital interests or voting stock, and only if it had 45 or fewer partners or shareholders. 26 U.S.C. § 6166(b)(1)(B) and (C).

The "adjusted gross estate" is equal to the gross estate, less debts, administrative expenses and losses. 26 U.S.C. § 6166(b)(6). While the Decedent's "adjusted gross estate" was reported on the estate tax return to be $19,152,095, his actual "adjusted gross estate", as determined by the Tax Court, was approximately $40 million.[20] Consequently, the Decedent's estate would have qualified to make the 26 U.S.C. § 6166 election only if he owned interests in one or more "closely held businesses" that had an aggregate value for estate tax purposes of more than $14 Million (35% of the $40 million "adjusted gross estate"). He plainly did not. While the value of the Decedent's shares in Cardio Dynamics International Corporation exceeded that amount, it is not a "closely held business". Its stock is publicly traded. It has more than 45 shareholders and Decedent's stock represents less than 20% of its outstanding stock.

---

[19] Even if the Decedent's estate had initially qualified to make the 26 U.S.C. §6166 election (it did not), the statute of limitations would not have been suspended beyond the date that Michael Paulson failed to make an installment of interest when due. 26 U.S.C. § 6616(g)(3). That could have occurred as early as April 19, 2003.

[20] See Note 9.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

While the value of the Decedent's stock in Del Mar Country Club Estates, Inc. was reported to be $8,744,142 on the estate tax return, that stock actually had no value. The corporation's only asset was a note receivable from the Decedent in that same amount. The Decedent's interest in Allen Leasing & Financial Corporation was reported on the estate tax return as having a value of $26,621,000, but it similarly had no value. Its only asset was a note receivable from the Decedent in the amount of $25,861,084. In any event, this corporation was liquidated on December 18, 2000 (before the alternate valuation date).[21]

The Decedent's only interest in a "closely held business" under 26 U.S.C. § 6166 was his stock in Del Mar Country Club, Inc. On the estate tax return, the value of that stock was reported to be $26,700,000 (as of the alternate valuation date), but its actual value was ultimately determined to be only $7,696,984,[22] well below the 35% threshold. Complaint ¶88. Consequently, the Decedent's estate never qualified for the 26 U.S.C. § 6166 election and the statute of limitations prescribed by 26 U.S.C. §6502 was never suspended. That Decedent's estate never qualified for the 26 U.S.C. § 6166 election was obvious from the IRS auditor's findings of October 13, 2004. As a result, Plaintiff's Complaint as it pertains to the November 26, 2001, assessment is time barred by the statute of limitations and should properly be dismissed with prejudice.

///

///

---

[21] Furthermore, under 26 U.S.C. § 6166(b)(10), only "Qualifying Lending and Finance Businesses" qualify under 26 U.S.C. § 6166. Allen Leasing & Financial Corporation was not a Qualifying Lending and Finance Business.

[22] The amount of tax that is eligible for payment in installments under 26 U.S.C. § 6166 can never exceed the portion of the tax liability that the value of the interest in the "closely held business" bears to the "adjusted gross estate". 26 U.S.C. § 6166(a)(2). The value of the stock in Del Mar Country Club, Inc. represents only 19.24% of the Decedent's "adjusted gross estate". Even if 26 U.S.C. § 6166 had applied (it did not), 80.76% of the estate tax liability could not have qualified to be paid under installments under 26 U.S.C. § 6166(a)(2). Accordingly, the statute of limitation applicable to that portion of the tax liability could never have been suspended.

1    **WHEREFORE,** for each and all the reasons set forth above, Defendant,

2   Madeleine Pickens, respectfully requests that the Court dismiss the Complaint against

3   her in its entirety with prejudice and that the Court grant such other and further relief

4   deemed just and proper.

5

6   Dated: November 13, 2015                           **AKERMAN LLP**

7

8                                                      By: */s/ Joshua R. Mandell*
                                                           Joshua R. Mandell
9                                                          Donald N. David
                                                       Attorneys for Defendant
10                                                     MADELEINE PICKENS
                                                       Email: joshua.mandell@akerman.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342