**AKERMAN LLP**
JOSHUA R. MANDELL (CA SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
DONALD N. DAVID (CA SBN 264142)
Email: donald.david@akerman.com
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone:   (212) 880-3800
Facsimile:    (212) 880-8965

**AKERMAN LLP**
GLEN A. STANKEE (FL SBN 331848 admitted *pro hac vice*)
Email: glen.stankee@akerman.com
JASON OLETSKY (FL SBN 009301 admitted *pro hac vice*)
Email: jason.oletsky@akerman.com
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone:  (954) 463-2700
Facsimile:   (954) 463-2224

Attorneys for Defendant
MADELEINE PICKENS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cv-02057-AJB-NLS |
| Plaintiff, | Assigned to Hon. Anthony J. Battaglia Courtroom 3B |
| v. | |
| JOHN MICHAEL PAULSON, as the Executor of Statutory Executor of the Estate of Allen E. Paulson, and Individually; JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; CRYSTAL CHRISTENSEN, as Statutory | **DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELINE PICKENS' MOTION TO DISMISS COMPLAINT**<br><br>Date:  **January 21, 2016**<br>Time:  **2:00 p.m.**<br>Ctrm:  **3B** |

{36771323;1}                                  1                             CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELINE PICKENS' MOTION TO DISMISS COMPLAINT**

| | |
|---|---|
| Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; <br> MADELEINE PICKENS, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as Trustee of the <br><br> Madeleine Anne Paulson Separate Property Trust, and Individually; <br><br> Defendants. | **Place:** 221 West Broadway <br> San Diego, California 92101 <br><br> Complaint Filed: September 16, 2015 <br> Trial Date: None |

# MEMORANDUM OF LAW

Despite its arguments to the contrary, Plaintiff's Complaint fails in whole to state a cause of action against Ms. Pickens for which relief can be granted.[1]

### A. Ms. Pickens was never the Trustee of the of the Marital Trust.

26 U.S.C. §6324(a)(4) imposes liability for estate tax on a trustee to whom the decedent transferred property during his life or immediately upon his death that is included in the estate under 26 U.S.C. §§ 2035, 2036, 2037 or 2038. *See, Englert v. Comm'r*, 32 TC 1008 (1959), *Garrett*, TC Memo 1994-70; *Estate of Govern v. Comm'r*, TC Memo 1996-434; *U.S. v. Johnson*, 112 AFTR 2d 2013-5474 (D. Utah, July 29, 2013), amending 109 AFTR 2d 2012-2253 (D. Utah, May 23, 2012). Plaintiff's claim against Ms. Pickens as trustee of the Marital Trust relies entirely upon the allegation that she served as trustee of the Marital Trust. However, it is undisputed that the Marital Trust was neither established nor funded. Complaint ¶25, ¶34-¶35. Ms. Pickens could not have served as Trustee of a trust that was never established or funded. It is also undisputed that the Decedent never transferred property to her as trustee during his lifetime or immediately upon his death. The only property she did receive was transferred to her by the Co-trustees of Decedent's Trust in her capacity as trust *beneficiary* nearly three years <u>after</u> the Decedent's death. Complaint ¶34-¶35, ¶88-¶91.

Plaintiff contends that the "2003 Settlement Agreement . . . expressly named [Ms. Pickens] as the sole trustee of the Marital Trust", citing paragraphs 15 and 17 of that Agreement. Response at 12. Even if this were true (it is not), Ms. Pickens's tax liability under 26 U.S.C. §6324(a)(2) would be limited to the amount of property that was transferred to her in her capacity as trustee. However, it is undisputed that the

---

[1] Plaintiff contends that Ms. Pickens' motion relies on extrinsic material because she filed various documents in support of the motion. However, these are the very same documents to which Plaintiff specifically referred in the Complaint as the basis for its allegations.

{36771323;1}   1   CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELEINE PICKENS' MOTION TO DISMISS COMPLAINT**

Marital Trust was never funded. Complaint ¶34-¶35, ¶88-¶91. Even if she were "named" the trustee, she would have no liability under 26 U.S.C. §6324(a)(2) unless she accepted the appointment. Plaintiff's wholesale failure to allege that she accepted the appointment or actually served as trustee renders the Complaint fatally defective. Instead, Plaintiff blindly contends that anyone nominated to serve as trustee is liable under 26 U.S.C. §6324(a)(2) unless he or she affirmatively resigns that position. There is no merit to that contention[2] and it is not surprising that Plaintiff cannot point to single authority to support such an absurd argument.

In any event, the 2003 Settlement Agreement does not "name" Ms. Pickens as sole trustee of the Marital Trust as Plaintiff contends. Paragraph 15 provides that "Nick, Michael, Richard and James decline to act as trustees and consent to the designation of Madeline as sole Trustee of any trust required to be established for her benefit or the benefit of her issue (i.e., the Marital Trust)." This is nothing more than a waiver by Nick, Michael, Richard and James of any objection to Ms. Pickens serving as trustee in the event she is appointed and actually accepts that appointment. It in no way binds Ms. Pickens to such a duty to serve.

Furthermore, Paragraph 17 provides that the 2003 Settlement Agreement will not become effective until it is approved by the court pursuant to a petition that includes a request to modify Decedent's Trust to provide for an outright distribution to Ms. Pickens and for the "non-establishment of the Marital Trust." Plaintiff concedes that the petition was granted and, as a result, the Marital Trust was never established

---

[2] A trust is a contract between the trustor and trustee under which the trustee agrees to hold, administer and distribute property in accordance with the instructions that the trustor provided in the trust. It is fundamental contract law that a person is not burdened by responsibilities, obligations or liabilities imposed by the contract unless he or she agrees to be. Plaintiff contends that Ms. Pickens' accepting the benefits of the Settlement Agreement by taking the distribution to which she is entitled as a beneficiary somehow constitutes an affirmative agreement on her part to serve as trustee.

{36771323;1}                                    2                           CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELEINE PICKENS' MOTION TO DISMISS COMPLAINT**

or funded. Complaint ¶34-¶35, ¶88-¶91. Accordingly, Ms. Pickens has no liability under §6324(a)(2).

B. <u>Ms. Pickens is not a "statutory executor"</u>.

It is undisputed that Ms. Pickens was never appointed, and never served, as executor of the Decedent's Estate. Complaint ¶23, ¶25. Under 26 U.S.C. §2203, a person in possession of the decedent's property at or immediately after his death can be treated as the executor, but only "[i]f there is no executor or administrator appointed, qualified and acting within the United States". When no executor has been appointed by the Court, 26 U.S.C. §2002 imposes liability for the estate tax on the person in possession of the decedent's property because the taxes must be paid from that property.

In this case, it is undisputed that Michael Paulson and Edward White were appointed, qualified and served as Co-executors of Decedent's Estate. Complaint ¶23. Because they were appointed and served as executors, no other person qualifies as a "statutory executor" of the Decedent's Estate.

Plaintiff contends that Michael Paulson resigned as executor of Decedent's Estate in 2013 and, because he was never replaced, Ms. Pickens automatically became a "statutory executor" of the Estate at that time because she had received a distribution from his Trust in 2003. Plaintiff's argument, while creative, is based on the erroneous theory that <u>every</u> beneficiary of an estate becomes a "statutory executor" when the duly appointed, qualified and acting executor resigns.

That Michael Paulson purportedly resigned as executor in 2013 is alleged nowhere in Complaint. This alone renders the pleading fatally defective and dismissible against Ms. Pickens as an "statutory executor". More importantly, this factual defect cannot be corrected by amendment because Michael Paulson <u>never</u> resigned as executor. *See In re the Matter of the Estate of Allen E. Paulson*, Superior Court of California, County of San Diego, Case No. P177675. Although the 2013

Settlement Agreement -- a copy of which was attached to Ms. Pickens' motion as Appendix "J" -- contained a provision in which Michael Paulson agreed to resign as executor, he never did so.[3]

### C. Ms. Pickens is not liable as the Trustee of the Madeleine Anne Paulson Separate Property Trust.

Plaintiff has asserted liability against Ms. Pickens under 26 U.S.C. §6324(a)(2) in her capacity as the trustee of the Madeleine Anne Paulson Separate Property Trust. 26 U.S.C. §6324(a)(2) imposes liability only on the trustee to whom the decedent transferred property during his lifetime or immediately upon his death that is included in his estate under 26 U.S.C. §§2035-2038. Plaintiff has not alleged that Decedent ever transferred property to Ms. Pickens in her capacity as trustee of the Madeleine Anne Paulson Separate Property Trust. Accordingly, the Complaint fails to state a claim against Ms. Pickens as trustee of that Trust.

In fact, it is undisputed that the only property received by Ms. Pickens was transferred to her by the Co-trustees of Decedent's Trust in her capacity as a beneficiary of the Trust nearly three (3) years after the Decedent's death. Complaint ¶33-¶35, ¶88-¶91. The Madeleine Anne Paulson Separate Property Trust is Ms. Pickens' own revocable trust. It was funded entirely by her. She instructed the Co-trustees of Decedent's Trust to title the property to which she was entitled as a beneficiary of Decedent's Trust in her name as trustee of her revocable trust in order to avoid probate of those properties on her subsequent death. In substance, the property was distributed by the Co-trustees to Ms. Pickens as a beneficiary of Decedent's Trust and was then transferred by her to her own revocable trust.[4] Ms. Pickens has no

---

[3] The Court may take Judicial Notice of the state court probate file under FRE 201.

[4] Plaintiff's represents that Ms. Pickens agrees that "the substance and form of these transactions [i.e., the distributions to her from Decedent's Trust] is the same as if the Trust had distributed assets to her as Trustee of the Marital Trust and then she distributed those assets to herself as Trustee of the Madeleine Anne Paulson Separate Property Trust". Response at 12-13, citing Motion at 15. However, nothing in the Ms.

{36771323;1}   4   CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELINE PICKENS' MOTION TO DISMISS COMPLAINT**

liability for the estate tax except to the extent that 26 U.S.C. §6324(a)(2) imposes that liability on trust beneficiaries.

Plaintiff incorrectly interprets 26 U.S.C. §6324(a)(2) as extending liability to every trustee of any trust in which any of the decedent's property ends up, including the beneficiaries' trusts to which the decedent never transferred property. This interpretation ignores the fundamental purpose and operation of 26 U.S.C. §6524(a)(2), which is to place on the trustee the same responsibility for payment of the estate taxes on the decedent's non-probated assets that the executor has for the payment of taxes on the probated assets. Plaintiff's interpretation is also directly contrary to the holdings in *Englert, Garrett*, *Govern* and *Johnson* that 26 U.S.C. §6324(a)(2) and its predecessor imposes liability for estate taxes on only a trustee to whom the decedent transferred property during his lifetime or immediately upon his death.

D.   <u>Ms. Pickens is not liable for estate tax as a beneficiary of the Trust.</u>

*Englert, Garrett*, *Govern* and *Johnson* hold that 26 U.S.C. §6324(a)(2) never imposes liability for estate taxes on trust beneficiaries because they are not "transferees" or "beneficiaries" as those terms are used in 26 U.S.C. §6324(a)(2). While 26 U.S.C. §6324(a)(2) imposes liability on trustees, it does <u>not</u> impose liability on transferees of trustees, and trust beneficiaries are transferees of trustees. This rule has been firmly settled since *Englert* was decided more than eighty years ago.

Plaintiff does not dispute the holdings of these cases. It merely expresses its disagreement with them. Citing *Estate of Mangiardi v. Commissioner*, T.C. Memo 2011-24, Plaintiff claims that the Tax Court has come down on both sides of the issue. However, Plaintiff's reliance on *Mangiardi* is misplaced. In that case, the court did not address the substantive issue of whether 26 U.S.C. §6324(a)(2) imposes liability on

---

Pickens' motion can be construed as an agreement that Ms. Pickens ever received property as Trustee of the Marital Trust or that she ever served in that capacity.

{36771323;1}                                                5                                         CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELINE PICKENS' MOTION TO DISMISS COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

trust beneficiaries. The sole issue was whether the IRS abused its discretion in denying the estate's offer in compromise based on doubt as to collectability when it considered the proceeds of the decedent's IRA to be collectible. Those proceeds passed directly to his beneficiaries under the IRA contract and did not pass through his trust. In holding that the IRS did not abuse that discretion, the Tax Court did not consider *Englert, Garrett* or *Govern* (*Johnson* had not yet been decided). Plaintiff suggests that the Tax Court's failure to mention *Garrett* or *Govern* should be considered an affirmative reversal of its holdings in those cases. In fact, *Mangiardi* is consistent with *Englert, Garrett*, *Govern, Johnson* and Ms. Pickens' position in this case. Because the IRA proceeds passed directly to the beneficiaries immediately upon the decedent's death under the decedent's IRA contract, and did not pass through the decedent's trust, the beneficiaries were "transferees" of the decedent or "beneficiaries" of an annuity as the terms are applied in §6324(a)(2). If the IRA proceeds had passed through the decedent's trust, the trustee, not the trust beneficiaries, would have been liable for the estate tax.

Plaintiff also cites *U.S. v. Bevans*, 2008 WL 5179099 (E.D. Cal. 2008), *adopted* 2009 WL 151136 (E.D. Cal. 2009), as authority for its contention that §6324(a)(2) imposes liability on trust beneficiaries. Plaintiff's reliance on this case is also misplaced. The court held that trust beneficiaries were liable for the estate tax under §6324(a)(2) as "beneficial transferees", a term not recognized by the statute, but the court did not consider the application of *Englert, Garrett*, *Govern* or *Johnson*. The petitioners were unrepresented, failed to appear in court and were deemed to have admitted each of the government's allegations when they failed to respond to requests for admissions.

Plaintiff further contends that *Englert, Garrett*, *Govern* and *Johnson* must have been incorrectly decided because they assume that there is "symmetry" between the categories of recipients upon whom liability is imposed in §6324(a)(2) and the

sections under which the property is included in the decedent's estate which the Plaintiff denies exists. In fact, there is perfect symmetry. There are six categories of recipients: (i) spouse; (ii) transferee; (iii) trustee; (iv) surviving tenant; (v) person in possession of the property by reason of the exercise, non-exercise, or release of a power of appointment; and (vi) beneficiary, and there are nine sections of inclusion: (i) §2034; (ii) §2035; (iii) §2036; (iv) §2037; (v) §2038; (vi) §2039; (vii) §2040; (viii) §2041; and (ix) §2042. Both "transferees" and "trustees" to whom the decedent transferred property during his lifetime or immediately upon his death are liable for taxes on property that is included in the decedent's estate under sections 2035, 2036, 2037 or 2038.[5] "Beneficiaries" include beneficiaries of annuity and insurance policies.

E. Ms. Pickens is not liable for tax under the 2003 Settlement Agreement.

In the 2003 Settlement Agreement, Ms. Pickens agreed to indemnify Decedent's Trust for any estate taxes payable by the Trust as a result of the distributions to her under that Settlement Agreement. Ms. Pickens is not indebted to the Trust for any estate taxes because the Trust did not incur any estate tax as the result of the distributions to her under the Settlement Agreement. The estate tax liability was actually reduced by approximately $5 million as the result of the distributions to her under the Settlement Agreement because they increased the marital deduction from $9,917,923 to $19,040,654.

In computing any amount of additional estate tax that results from the distributions to Ms. Pickens, the Settlement Agreement provides that the tax should be computed at the highest rate "without the benefit of any credit or exclusion amounts." Plaintiff contends that, because the Settlement Agreement does not specifically define the terms "credit" and "exclusion amounts", they could be construed as including the marital deduction.

---

[5] Under the 1939 Code, the provisions that are now contained in 26 U.S.C. §§2035-2038 were contained in just two sections - §§ 811(c) and 811(d).

In fact, the terms "credits" and "exclusion amounts" could not reasonably be construed as including the marital deduction. Deductions and credits are entirely different concepts. Deductions are subtracted from the gross estate to compute the taxable estate. Credits are deducted from the tax liability imposed on the taxable estate. From the context in which they are used in the Settlement Agreement, the terms "credit" and "exclusion amount" clearly refer to the unified credit provided in 26 U.S.C. §2010 and its associated "exclusion amount".[6] They refer to the manner in which the amount of estate tax is computed, not to the manner in which the taxable estate is determined. As a result, Plaintiff's claim must fail.

**WHEREFORE,** for each and all the reasons set forth above, Defendant, Madeleine Pickens, respectfully requests that the Court dismiss the Complaint against her in its entirety with prejudice and that the Court grant such other and further relief deemed just and proper.

Dated: December 14, 2015

**AKERMAN LLP**

By: */s/ Joshua R. Mandell*
　　Joshua R. Mandell
　　Donald N. David
Attorneys for Defendant
MADELEINE PICKENS

---

[6] When the Decedent died in 2000, the unified credit prescribed by 26 U.S.C. §2010 was $220,000. This was the amount of tax that was imposed on $675,000 of property. Consequently, the unified credit was sufficient to eliminate the estate tax on $675,000 of property. The amount of property that avoids estate tax by reason of the unified credit is referred to as the "exclusion amount".

{36771323;1}　　　　　　　　　　　　8　　　　　　　　　CASE NO. 3:15-cv-02057-AJB-NLS
**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S RESPONSE TO MADELINE PICKENS' MOTION TO DISMISS COMPLAINT**