**FILED**

Jan 13 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           s/ danielles          DEPUTY

1  JAMES D. PAULSON
   Jdpaulson_2000@yahoo.com
2  20600 Ventura Boulevard #1632
   (P) 818-438-4362
3  (E)

4

5            IN THE UNITED STATES DISTRICT COURT FOR THE

6            SOUTHERN DISTRICT COURT OF CALIFORNIA

7

8

| | |
|---|---|
| 9   UNITED STATES OF AMERICA | Case No.: 15CV2057 AJB NLS |
| 10        Plaintiff, | |
| 11   Vs. | [ Assigned to Hon. Anthony J. Battaglia - Courtroom 3B] |
| 12   JOHN MICHAEL PAULSON, as the Executor or | |
| 13   Statuatory Executor of the Estate of Allen E. Paulson, and | |
| 14   Individually; | |
| 15   JAMES D. PAULSON, as Statuatory Executor of the | DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT |
| 16   Estate of the Estate of Allen E. Paulson, etc.,et al. | |
| 17   VIKKI E. PAULSON | DATE: JANUARY 21, 2016 |
| 18   CRYSTAL CHRISTENSEN | TIME:  2:00 P.M. PLACE: COURTROOM 3B |
| 19   MADELEINE PICKENS |       221 WEST BROADWAY SAN DIEGO, CALIFORNIA 92101 |
| 20        Defendant | |

21

22

23                                    Complaint Filed: September 16, 2015

24

25                        JAMES D. PAULSON  ( IN-PR0 PER)
                          _____
                          [Attorney Name]

26

27            MEMORANDUM OF POINTS AND AUTHORITY

28  DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
    COMPLAINTDATE:  JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B          221 WEST
    BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 1

1    I.      PRELIMINARY STATEMENT

2   These court proceedings have been on-going for years now. Allen E. Paulson (Allen) died on July 19, 2000 and

3   today's date is January 11, 2016. It has been very frustrating and disappointing that these Trust issues haven't been

4   resolved in a TIMELY manner through the courts and with the IRS seeking and receiving a fair and promptly paid

5   TAX debt owed them. That being said, the IRS only has themselves to blame for their failure to receive a fair and

6   prompt payment of all the taxes owed them. It wasn't a wise or understandable decision that the IRS would grant J.

7   Michael Paulson (Michael) and that of Edward White (Edward) as Co-Trustees/Executors of the Allen E. Paulson

8   Living Trust their request for the 6166 Tax deferred status back on November 26, 2001, especially with such a small

9   initial amount reported on the Trust Estate's Form 706 Estate Tax Return of just $4,459,051 owed by the Allen E.

10   Paulson Living Trust on their reported net taxable estate of $9,234,172., nor was it understandable that they would

11   even seek this 6166 tax deferred status with ALL the Trust assets available to Michael and Edward to payoff this

12   initial IRS Tax debt in FULL with just the liquidation of a few of the Trust horses and/or its CDIC stock. Had the

13   IRS not granted this 6166 Tax deferred status at this time, the IRS would have promptly received this initial Trust

14   Tax debt payment in FULL for the sum of $4,459,051. Then here comes numerous RED FLAGS that for unknown

15   reasons had been negligently overlooked by the IRS year after year. The IRS should have been concerned about the

16   following RED FLAGS:

17

18    1) The financial conditional of the Trust was very unstable from day one, but the IRS would go on to grant the Co-Trustees their request for the 15 year 6166 tax deferred status that would ENABLE Michael to invest millions year after year in the ILL-ADVISED SSBJ Project. Why didn't the IRS realize early on that their

19    granting of this 6166 Tax deferred status was enabling Michael to divert Trust funds from that of paying off the Estate taxes in favor of funding the SSBJ Project ?

20    2) In the 2003 settlement agreement- In the Judgment COUNT VII against Madeleine Pickens the attorneys for the government are making their claim against Madeleine for their full IRS Tax amount debt owed of

21    $10,621,217. Why didn't the IRS make their demand for this payment back in 2003 for either Madeleine or the Trust to pay the taxes on this $19,040,654 Trust asset? Instead, the IRS would not revoke the Trust

22    6166 Tax deferred status nor would they show any concern for the millions being spent on the SSBJ Project year after year?

23    3) On December 2, 2005, the Tax Court determined pursuant to the parties' stipulation, that $6,669,477 of additional estate tax was owed by the Estate, but even with all the previous RED FLAG warnings the IRS

24    would once again in what can only be described as being NEGLIGENT go on to grant Michael his request for another fifteen-year 6166 Tax deferred status. Why would the IRS grant this once again and continue to

25    ENABLE Michael to fund millions year after year into the ILL-ADVISED SSBJ? One would think and expect that the IRS at this point in time, wouldn't had granted another 6166 Tax deferred status but instead

26    that they would have made their demand for the FULL payment of all the Estate Taxes owed.

27    4) In 2006, I, James got very concerned with the fact that at a time when Richard and I, James had expected that Michael would have had ALL of the Trust debts paid off, especially the IRS Tax liability and all of the

28 DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINTDATE: JANUARY 21, 2016TIME: 2:00 P.M.PLACE: COURTROOM 3B      221 WEST
BROADWAY      SAN DIEGO, CALIFORNIA 92101 - 2

1    other Trust debts and obligations, that I, James would see a RED FLAG in that Michael had showed in one
     of his 6 month reports in 2006 to the beneficiaries that he himself had loaned the Trust over a million
2    dollars. This is when I, James had had enough of Michaels RECKLESS and ILL-ADVISED handling of
     the Trust affairs. Then in 2007, after Michael continued to deny our demand for him to allow me to assume
3    my rightful position as his Co-Trustee per Trust instruction, Richard and I, James would take court action
     against Michael. It's UNEXPLAINABLE and INEXCUSABLE that the IRS wouldn't finally see all the
4    RED FLAGS and at the very least revoke their 6166 Tax deferred status with Michael at this time and then
     one would think that the IRS would have also made their demand for the FULL payment of the Taxes owed
5    them. I, James NEVER saw the IRS attorneys during our two year (2) plus Court battle with Michael in
     court making their demands for the Trust to pay the IRS Taxes owed.
6    5)  Then in March of 2009, when the Court appointed Vikki and I, James as the Co-Trustees of the Allen E.
         Paulson Living Trust, it was already too late to salvage what was left of the Trust assets to pay off all the
7        Trust debts and other Trust obligations. The Trust was by then on the VERGE of BANKRUPTCY and/or
         becoming INSOLVENT.
8

9    COMMENTS

10   Had the IRS been DILIGENT and RESPONSIBLE by not EVER giving Michael the 6166 Tax deferred status to

11   begin with or had they at the very least seen all the obvious RED FLAGS over the years, especially early on, and

12   had they revoked this 6166 status by no later than 2006, Michael would have probably been stopped in time to stop

13   him from funding additional millions of dollars into the ILL-ADVISED SSBJ Project that should have been going

14   into paying off all of the IRS Tax debt owed and other Trust obligations. If not for this IRS 6166 Tax deferred

15   status, Michael would had been forced into paying off ALL of the IRS Tax debt owed FIRST, rather than spending

16   nearly $29,000,000 in Trust funds on the SSBJ Project.

17   If not for the RECKLESS and INEXCUSABLE lack of actions by the IRS, the Trust probably would have been able

18   to pay off ALL of the Trust debts by early 2006, with millions going the residual beneficiaries. It's once again

19   INEXCUSABLE that the IRS is now thinking and seeking these taxes owed by the Trust, should somehow now be

20   paid for by those individuals, Vikki, Crystal and I, James who have from day one been on the side of the IRS for the

21   Trustee/Executor J. Michael Paulson to have paid off all of the Trust IRS Tax debt in full, early on. In fact, I, James

22   would have been delighted had the IRS never given Michael the 6166 Tax deferred status, or had revoked it early on

23   and if they had taken court actions early on against Michael that would have saved us from doing it for them in

24   2007.

25   The present Co-Trustees, Vikki and Crystal haven't turned over the very limited Trust funds still left in the Allen E.

26   Paulson Living Trust under their control because they are making their best possible efforts as the Trustees to

27   salvage what they can of the Estate for the remaining Allen E. Paulson Living Trust beneficiaries. I, James as a

28   DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
     COMPLAINTDATE: JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B          221 WEST
     BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 3

1    beneficiary of the Trust is entitled to ½ of what remains of the RESIDUAL Estate funds.  I, James want our Trustees

2    to do their duties as trustees which requires that they do all that they can for the benefit of all the Trust beneficiaries

3    in a PRUDENT manner. Their duties would include that they do everything they can to convince the Court to make

4    the determination that Madeleine should pay the Taxes owed on the $19,040,654 of Trust assets she had received in

5    the 2003 settlement and that Michael should pay ALL the remainder of the Taxes owed the IRS and any other Trust

6    taxes owed because he took over the $29,000,000 SSBJ Trust funded investment and if not for his INEXCUSABLE

7    actions as the Trustee/Executor of our Trust, the Trust would have been able to have paid off all of the Trust debts

8    including the IRS Tax liability and all of its other Trust obligations, with millions being left over for the residual

9    beneficiaries as far back as 2006. I, James would then want our trustees to ask the Court to allow them to distribute

10   what remains of the very modest Estate funds still remaining in the Allen E. Paulson Estate to all of the remaining

11   Trust beneficiaries. I, James also thinks that due to the INEXCUSABLE lack of actions by the IRS that ENABLED

12   Michael to continue his NON-PRUDENT and INEXCUSABLE behavior year after year that had needlessly

13   depleted millions of Estate asset funds, that as is the case with the Trust beneficiaries receiving pennies on the

14   dollar, if anything at all, that they too should receive a substantially reduced Tax liability payment from our Trust.

15   The lack of PRUDENT actions by the IRS is one of the main reason that they haven't received those tax funds owed

16   them and why we as beneficiaries of the Allen E. Paulson Living Trust haven't received millions in Trust

17   distributions.

18

19                                        COUNT 1

20                           IRS- JUDGMENT AGAINST THE ESTATE

21

22   The Estate Tax Return Form 706 was received by the IRS on October 23, 2001 and the Executors/Trustees, Michael

23   and Edward reported a net taxable estate of $9,234,172, and an estate tax liability of $4,459,051.The IRS assessed

24   this original reported tax of $4,459,051 on November 26, 2001. The IRS at this time grants the Trust its request for

25   the 6166 Tax deferred status. The Estate paid $706,296 concurrently with its filing of the Estate Tax Return 706

26   leaving a deferred balance of $3,752,755 to be paid under the Section 6166 installment election. On January 30,

27   2006, the IRS assessed additional tax liability against the Estate in the amount of $6,669,477. Once again the IRS

28   DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINTDATE: JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B        221 WEST BROADWAY        SAN DIEGO, CALIFORNIA 92101 - 4

1    would grant the Executors/Trustees their request for the Tax deferred 6166 status.  As of July 10, 2015, the unpaid

2    balance of the estate liability (tax, penalties and interest was $10,261,217.)

3

4                          IRS- GRANTING OF THE 6166 TAX STATUS

5    RE-ADDRESSING THE GRANTING BY THE IRS OF THE TAX DEFERRED 6166 STATUS!!!

6    I, James can only assume that the motivation of J. Michael Paulson for seeking this 6166 IRS Tax deferred status

7    was for his own SELF-SERVING agendas such as the funding of the ILL-ADVISED SSBJ Project and for him to

8    keep complete control of the Allen E. Paulson Living Trust for numerous years prior to paying off Trust debts, the

9    IRS Taxes and that of the Trust beneficiaries. This is also why Michael probably wanted the removal of both

10   Edward White and Nicolas Diaco as his Co-Trustees because they probably weren't on-board with this SSBJ

11   Project. As for Michael wanting the settlement agreement of 2003 with Madeleine, in hindsight, this in part was

12   probably mostly due to his desire to continue the SSBJ FUNDING without the need for dealing with Madeleine. I,

13   James, in hindsight, would have NEVER allowed Michael to have assumed the duties as the SOLE Trustee

14    of Allen's Estate had I known what I know now!!

15   The IRS became the ENABLER of Michael's SELF-SERVING agendas by granting him this 6166 Tax deferred

16   status. I, James can't understand why this 6166 status was ever granted to Michael to begin with based on the

17   condition of the Allen E. Paulson Living Trust. The IRS should have seen the RED FLAGS all the way back to 2003

18   or sooner. They should have been alarmed by the on-going Court actions between the Trust and Madeleine, the

19   funding of millions into ILL-ADVISED SSBJ Project year after year, the 2003 settlement agreement with

20   Madeleine and the Court actions taken by Michael's brothers, Richard and I, James starting in 2007 that lead to

21   Michael's removal in 2009. Unfortunately, by the time of Michael's removal as the SOLE Trustee on March 24,

22   2009, the Trust was already on the verge of BANKRUPTCY and becoming INSOLVENT.  In hindsight, had the

23   IRS not granted this 6166 TAX deferred status, the outcome for the Allen E. Paulson Estate and that of the IRS Tax

24   debt payment would have had a very different outcome. Michael would have been forced early on to liquidate Trust

25   Assets to pay off ALL of the IRS Tax debt and then Michael wouldn't have had the excuses that he had given the

26   beneficiaries for years that he had to first pay off all the Trust debt and IRS Taxes prior to making any distributions

27   to the beneficiaries. It was IRRESPONSIBLE and RECKLESS that the IRS didn't respond quickly early on by

28   DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
     COMPLAINTDATE:  JANUARY 21, 2016TIME:  2:00 P.M.PLACE:  COURTROOM 3B          221 WEST
     BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 5

1    taking away Michael's 6166 Tax deferred status that in my opinion shouldn't have ever been granted to begin with

2    especially with the condition of the Trust at the time of Allen's death and then for the IRS not to revoke this 6166

3    status early on with ALL of the RED FLAGS that were showing up for years is INEXCUSABLE. This lack of

4    actions by the IRS not only has jeopardized their chances for receiving ALL the taxes owed them, but their lack of

5    actions over the years have probably cost the beneficiaries millions of dollars in Trust distributions.

6

7    IT'S IRONIC THAT I, JAMES AND THE PRESENT TRUSTEES, VIKKI AND CRYSTAL ARE BEING

8    BROUGHT INTO THIS GOVERNMENT COMPLAINT, SINCE IT SHOULD BE QUITE OBVIOUS THAT

9    OUR LEGAL ACTIONS TAKEN AGAINST J. MICHAEL PAULSON IN 2007 WERE FOR EXACTLY WHAT

10   THIS CURRENT LAWSUIT IS ALL ABOUT. I, JAMES AND THE PRESENT TRUSTEES HAD WANTED

11   FROM THE VERY BEGINNING FOR MICHAEL TO LIQUIDATE ALL OF THE TRUST ASSETS, PAY OFF

12   ALL THE TRUST DEBTS, ESPECIALLY OUR IRS TAX DEBT OBLIGATIONS, SO THAT WE WOULD

13   HAVE SEEN THE COMPLETION OF THE TRUST AFFAIRS EARLY ON, WITH MILLIONS LEFT OVER

14   FOR DISTRIBUTIONS TO THE RESIDUAL BENEFICIARIES, RICHARD, JAMES AND MICHAEL. SO,

15   CONTRARY TO WHAT THE ATTORNEYS FOR THE GOVERNMENT MIGHT THINK, I, JAMES WOULD

16   HAVE LOVED TO HAVE HAD THE IRS NOT ONLY NOT HAVE EVER GRANTED MICHAEL THE 6166

17   TAX DEFERRED STATUS BUT ALSO FOR THEM TO HAVE FILED SUIT AGAINST MICHAEL AND

18   MADELEINE FOR THEIR IRS TAX CLAIMS ALL THE WAY BACK IN 2003, WHEN THEY HAD SIGNED

19   THE 2003 SETTLEMENT AGREEMENT. HAD THE IRS DONE SO, THE OUTCOME FOR THE TRUST

20   WOULD HAVE BEEN A MUCH BRIGHTER PICTURE FOR THE IRS AND FOR THAT OF THE TRUST

21   BENEFICIARIES.

22

23

24

25

26

27

28   DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINTDATE: JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B          221 WEST
BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 6

COUNT IV

JUDGMENT AGAINST JAMES D. PAULSON

The Governments claim against I, James states the following, " JAMES D. PAULSON, as Statutory Executor of the

Estate of Allen E. Paulson."

I, JAMES HAVE NEVER BEEN THE EXECUTOR OF THE ALLEN E. PAULSON LIVING TRUST!!

The Government's own allegations refute its assertion that James D. Paulson was EVER an Executor of the Allen E.

Paulson Living Trust and since they are only going after I, James in my capacity as the Statutory Executor and not

as the Trustee or individually, there isn't any basis to seek a judgment against I, James. Therefore, the motion to

DISMISS COMPLAINT should be GRANTED!! (SEE BELOW)

THE GOVERNMENT STATES THE FOLLOWING:

1) On the very front page of the Plaintiff's claims against James D. Paulson, it states the following: UNITED STATES OF AMERICA v. JAMES D. PAULSON, as Statutory Executor of Allen E. Paulson.

2) Defendant, John Michael Paulson (hereafter "Michael Paulson"}, is a son of Mr. Paulson and the last known Executor of the Estate of Allen E. Paulson. Page 3, item 4. lines 13 & 14

3) Defendant, James D. Paulson (hereafter"James"}, is a son of Mr. Paulson. James is named to be the alternate Executor to the Estate in a codicil to the Will. He is sued in his representative capacity as an appointed or statutory Executor of the Estate under 26 U.S.C.&& 2002 and 2203. Page 4, item 5. Lines 5 thru 8.

4) On August 11, 2000, Mr. Paulson's Will was filed with Superior Court of San Diego County, California (the "Probate Court"). Michael Paulson and Edward White were appointed and served as Co-Executors of the Estate until Edward White's resignation effective October 8, 2001. Thereafter, Michael Paulson served as the sole successor Executor. Page 8, item 23, lines 6 thru 10.

5) On January 16, 2005, the IRS issued a notice of deficiency to Michael Paulson as Executor of the Estate proposing a $37,801,247 deficiency in the estate tax reported on the return. Page 13, item 38, lines 4 thru 6.

6) On January 19, 2005, Michael Paulson as Executor of the Estate petitioned the United States Tax Court challenging the IRS's proposed additional estate tax. Page 13, item 39, lines 7 thru 9.

7) This Tax Court was dismissed on April 18, 2013, for lack of jurisdiction because the petition had not been signed by Michael Paulson who was at that time, the court appointed Executor of the Estate. Page 15, item 17 thru 19.

8) The Government states in their own complaint the following: Michael Paulson's resignation as Executor was effective on January 15, 2013. Page 17, item 54, lines 1 & 2.

RESPONSE- Unless the attorneys for the Government can produce any evidence that shows that I, James had ever

been an Executor of the Estate, there would be NO basis for this COMPLAINT and therefore the MOTION TO

DISMISS THIS COMPLAINT SHOULD BE GRANTED.

FACTS- I, James was only a beneficiary from the date of Allen E. Paulson's death until I was appointed by the

Court to ONLY act in the capacity as a Co-Trustee along with Vikki Paulson from March 24, 2009 until my removal

DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINTDATE: JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B          221 WEST BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 7

1   on June 10, 2010. From June 10, 2010 until the present, I, James have ONLY been a beneficiary of the Allen E.

2   Paulson Trust and I have NEVER been the Executor.

3   STATEMENT- The attorneys for the Government make the claim that the Estate has not fully paid its estate tax

4   liability, and as of July 10, 2015, a balance of $10,621,217 was still owed. (Page 21, item 73, lines 8 & 9)

5   FACTS- The attorneys for the Government fail to note that Richard and James Paulson had started litigations

6   against J. Michael Paulson with our own personal funds in 2007 seeking Michael's removal for NOT paying off this

7    $10,621,217 in IRS Estate taxes. Vikki continued paying out of pocket her own funds after the death of her husband

8   Richard along with I, James for our continued court actions against Michael. Why is the Government seeking a

9   judgment against us when we have actually been on their side in seeking these funds for the IRS Taxes for many

10  years now?

11  STATEMENT- The Attorneys for the Government make the claim on Page 14, item 44, lines 9 thru 13, that

12  somehow because we assumed the position as Co-Trustees on March 24, 2009 after the Probate Court removed  J.

13  Michael Paulson as Trustee of the Trust for misconduct and appointed Vikki Paulson and James D. Paulson, as Co-

14  Trustees that we should be held responsible for the taxes owed the IRS. On August 11, 2009, the Trust vis-a-vis the

15  newly appointed Co-Trustees Vikki Paulson and James D. Paulson, reported that it had assets worth $13,738,727.

16  RESPONSE- I, James would like to point out that the only reason for the removal of J. Michael Paulson for

17  misconduct was because of the Trust Beneficiaries Court actions against him starting in 2007 for this misconduct

18  and that almost all of the initial funds for those court actions came from Vikki and I, James. We were seeking

19  Michael's removal for NOT paying off the Trust debts, especially the IRS Tax debt and also to stop Michael from

20  selling off the Trust assets to FUND the ILL-ADVISED SSBJ Project versus paying off Trust debts. As for the state

21   of the Allen E. Paulson Estate when we took over as Co-Trustees on March 24, 2009 the Trust was already on the

22  verge of BANKRYUPTCY and becoming INSOLVANT. This $13,738,727 valuation was only on paper. The

23  ACTUAL valuation was probably closer to $7,000,000 and about $4,000,000 of that was from the HORSES that

24  were under the complete control of PNC National Bank and had we not paid them all the proceeds from the sale of

25  those horses to pay off our outstanding debt owed them, they had threatened to take us to court to take over

26  possession of ALL of the Trust horses.

27

28  DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
    COMPLAINTDATE:  JANUARY 21, 2016TIME:   2:00 P.M.PLACE: COURTROOM 3B              221 WEST
    BROADWAY          SAN DIEGO, CALIFORNIA 92101 - 8

1   FACTS- Vikki and I, James were only the Co-Trustees at the pleasure of the Probate Court for the benefit of the

2   beneficiaries and for that of the payment of Trust debts. We had to submit status reports every 90 days to Judge

3   Dahlquest, the Probate Judge that had handled ALL of the court litigations for several years that lead to the removal

4   of J. Michael Paulson as the SOLE Trustee of the Allen E. Paulson Living Trust. ALL sales of Trust Assets and

5   ALL large payments of Trust debts had to be approved by Judge Dahlquest. Therefore there is NO basis for a

6   judgment against us, since everything we did as Co-Trustees was controlled by Judge Dahlquest along with the input

7   from our attorneys. As for our reported Trust asset valued at $13,738,726 at the time we had taken over as Co-

8   Trustees on March 24, 2009 that we somehow had the necessary funds to pay them their outstanding taxes owed of

9   $10,261,217. This isn't true. The Trust assets consisted of around $10,000,000 of NON-LIQUID Full House Resort

10   Stock (FLL) that had to be sold in very small amounts to prevent a total collapse of its trading valuation. We had

11   relied on the professional stock brokers to advise us on how best to liquidate the Trust FLL stock. They had

12   recommended for us to sell most of this Full House stock in large blocks when available and/or in small amounts on

13   the open market place so as to not compromise its very sensitive stock valuation. This full house stock has always

14   been fragile with extremely low daily volume and large ups and downs over the years. It presently sells for around

15   $1.68 and at the time we took over in 2009 it was at one of its higher prices that had given it a paper valuation of

16   around $10,000,000 back in 2009. The actual FLL valuation is probably closer to about $3,000.000 based on what

17   we've been able to sell this stock for not the paper valuation of approximately $10,000,000 given it in 2009. As for

18   the Trust horses, they were under the complete control of PNC bank and ALL the funds received from the sale of

19   those horses of approximately $4,000,000 went directly to pay them on their secured debt with the Trust horses as

20   collateral. So the actual valuation of the Trust assets is around $3,000,000 to $3,500,000 without the horses based on

21   what the Co-Trustees have been able to sell its assets for. Therefore, with its present Trust assets valuation at around

22   this amount of $3,000.000 to $3,500,000 the Court appointed Co-Trustees, Vikki and Crystal have the Trust assets

23   presently at just what one would expect them to be!!! So even if the attorneys for the Government were able to show

24   that I, James was an executor of Trust, there would still be no justification for judgments against I, James because as

25   a Co-Trustees I did My duties well and there was no losses to the Trust that weren't already there prior to my taking

26   over the duties as a Co-Trustee back on March 24, 2009 up until my removal on June 10, 2010.

27

28   DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINTDATE:  JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B       221 WEST
BROADWAY       SAN DIEGO, CALIFORNIA 92101 - 9

CONCLUSION

For the reasons discussed above, all claims against James D. Paulson, should be DISMISSED and the IRS should seek its outstanding Trust Tax Liability payment of $10,621,217 or whatever this Court determines is justified from those individuals that had actually received those assets. Madeleine had received $19,040,654 in Trust assets and Michael had taken over the ownership of the $29,000,000 SSBJ Trust investment while the present Co-Trustees Vikki and Crystal still have Trust assets valued at around $3,000,000. The reason they haven't turned over those funds to the IRS is probably because they believe that the taxes owed the IRS should be paid for by those individuals that had actually received those assets and if this Court agrees, then the Taxes owed the IRS would come from Madeleine Pickens and/or J. Michael Paulson and not from what remains of the Trust assets under the control of the present Co-Trustees, Vikki and Crystal.

I would also like to apologize to the attorneys for the Government and to this Court for doing this response to their Complaint against me in PRO PER versus that of having an attorney do this for me because I really do need and prefer to use the services of a qualified attorney rather than doing this myself, but I went through BANKRUPTCY a few years ago and I still just don't have enough funds to hire an attorney at this time.

Dated: January 11, 2016                    Respectfully submitted:

                                           JAMES D. PAULSON
                                           BENEFICARY OF
                                           ALLEN E. PAULSON LIVING TRUST
                                           IN- PRO PER

WITNESSED BY _____, DATE: JANUARY 11 2016

DEFENDANT JAMES D. PAULSON ' NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINTDATE:  JANUARY 21, 2016TIME:  2:00 P.M.PLACE: COURTROOM 3B          221 WEST
BROADWAY         SAN DIEGO, CALIFORNIA 92101 - 10