**AKERMAN LLP**
JOSHUA R. MANDELL (CA SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

**AKERMAN LLP**
DONALD N. DAVID (CA SBN 264142)
Email: donald.david@akerman.com
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone:  (212) 880-3800
Facsimile:   (212) 880-8965

**AKERMAN LLP**
GLEN A. STANKEE (FL SBN 331848 admitted *pro hac vice*)
Email: glen.stankee@akerman.com
JASON OLETSKY (FL SBN 009301 admitted *pro hac vice*)
Email: jason.oletsky@akerman.com
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone:  (954) 463-2700
Facsimile:   (954) 463-2224

Attorneys for Defendant
MADELEINE PICKENS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, as the Executor of Statutory Executor of the Estate of Allen E. Paulson, and Individually;<br><br>JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson;<br><br>VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; | Case No. 3:15-cv-02057-AJB-NLS<br><br>Assigned to Hon. Anthony J. Battaglia<br>Courtroom 3B<br><br>**DEFENDANT MADELEINE PICKENS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT JOHN MICHAEL PAULSON'S CROSSCLAIM**<br><br>**Hearing Information**<br>**Date:    March 24, 2016**<br>**Time:    2:00 p.m.**<br>**Ctrm:    3B**<br><br>Crossclaim Filed:  January 15, 2016<br>Trial Date:             None |

{37258812;1}                                              1                              CASE NO. 3:15-cv-02057-AJB-NLS
**MADELINE PICKENS' MOTION TO DISMISS JOHN MICHAEL PAULSON'S CROSSCLAIM**

| | |
|---|---|
| 1<br>2 | CRYSTAL CHRISTENSEN, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; |
| 3<br>4<br>5<br>6 | MADELEINE PICKENS, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as Trustee of the Madeleine Anne Paulson Separate Property Trust, and Individually; |
| 7 | Defendants. |

# MEMORANDUM OF LAW

The Crossclaim of John Michael Paulson (the "Crossclaimant") fails in whole to state a cause of action against Madeleine Pickens ("Ms. Pickens") for which relief can be granted.

Crossclaimant contends he is entitled to a judgment against Ms. Pickens for whatever unpaid estate taxes he owes Plaintiff based on the terms of the 2003 Settlement Agreement (DE 15, App. "D"). That Agreement generally provides as follows:

> Madeline shall have no liability for the payment of Death Taxes . . . and that all such taxes shall be paid by the Co-Trustees, and, in furtherance of such obligation, the Co-Trustees agree to indemnify, defend and hold harmless Madeline from and against any such liability.[1]

However, Crossclaimant bases his Crossclaim on the following exception:

> The liability for any estate tax or gift tax (determined at the highest marginal tax rate and without the benefit of any credit or exclusion amounts) <u>payable as a result of any distribution made to Madeleine pursuant to this Agreement</u> shall be borne entirely by Madeleine, and, in furtherance of such obligation, Madeleine agrees to indemnify, defend and hold harmless the Co-Trustees from and against any such liability.[2]

---

[1] Section 21 of the Settlement Agreement (DE 15, App. "D"). Also, Section 4. a. (vi) of the Settlement Agreement provides that, subject to the exception described in Note 2, below, "Madeleine shall be indemnified and held harmless by the Co-trustees from and against any liability arising from the perfection by the Internal Revenue Service of such lien to secure the payment of any federal estate tax deficiency."

[2] This exception also appears in Section 21 of the Settlement Agreement. Section 4. a. (vi) of the Settlement Agreement provides that Ms. Pickens is liable to the Co-trustees for the "increase in Death Taxes" payable by reason of any distributions to her under the Settlement Agreement. That provision of the Settlement Agreement erroneously states that the property distributed to Ms. Pickens is subject to the lien provided by 26 U.S.C. §6324. In fact, that lien does not attach to property distributed to a trust beneficiary. *U.S. v. Johnson*, 112 AFTR 2d 2013-5474 (D. Utah, July 29, 2013), amending 109 AFTR 2d 2012-2253 (D. Utah, May 23, 2012).

(emphasis added). Cross-Claim ¶3, ¶4. Under this exception, Ms. Pickens would be liable only for the tax "payable *as a result* of any distribution" to her under the Settlement Agreement. (emphasis added). More specifically, her liability for estate tax is limited to the increase in estate tax that is incurred by reason of distributions to her under the Settlement Agreement, over and above the estate tax would have been incurred in the absence of the Settlement Agreement.[3] Crossclaimant's position is fundamentally flawed because there has never been an estate tax liability "payable as a result of any distribution made to Madeleine pursuant to [the Settlement] Agreement." As explained in Ms. Pickens' Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (D.E. 15, p. 16 -17), every property distributed to her pursuant to the Settlement Agreement qualified for the unlimited marital deduction provided in 26 U.S.C. §2056. The estate tax deficiencies, as reflected in both the IRS' audit report dated January 16, 2005, and the Tax Court decision of December 2, 2005 (DE 15, App. "G" and "H") were determined by allowing the marital deduction for every property distributed to Ms. Pickens pursuant to the Settlement Agreement. In fact, the estate tax liability was reduced by about $5 million "as the result of the distributions" to Ms. Pickens pursuant to the Settlement Agreement, because those distributions increased the marital deduction from $9,917,923 to $19,040,654.

Crossclaimant's reliance on this typical indemnity provision of the Settlement Agreement highlights his miscomprehension of the issue. When a change to the terms of a trust results in additional estate tax, the beneficiary for whose benefit the change is made is typically required to reimburse the trust for the additional tax. However, because of the marital deduction, this provision has no application to changes that increase distributions to the surviving spouse.[4]

---

[3] Section 4. a. (vi) of the Settlement Agreement provides that the Co-trustees will indemnify and hold Ms. Pickens harmless from the payment of federal estate tax except for "any increase in Death Taxes for which Madeleine is liable pursuant to the terms of this Agreement." (emphasis added).

[4] While there are limited circumstances in which an increase in the distributions to a surviving spouse could result in additional tax liability, none of them exist here. If, for example, the trust is modified to change an outright distribution to what is intended to qualify as a "qualified terminable

{37258812;1} 2 CASE NO. 3:15-cv-02057-AJB-NLS

**MADELINE PICKENS' MOTION TO DISMISS JOHN MICHAEL PAULSON'S CROSSCLAIM**

The Settlement Agreement provides that the estate tax "payable as the result of the distributions" to Ms. Pickens must be computed at the highest rate "<u>without the benefit of any credit or exclusion amounts</u>." (emphasis added.) It is typical to compute the additional estate tax "without the benefit of any credit or exclusion amounts" where, as here, there are other properties in the decedent's taxable estate sufficient to fully utilize the unified credit provided in 26 U.S.C. §2010. This assures that no portion of the unified credit is allocated to the additional tax resulting from the change to the trust. Without this provision, the beneficiary for whose benefit the change is made would be liable for less than the entire amount of additional tax incurred. However, how the unified credit is allocated in this case is academic because there is no estate tax "payable as the result of any distributions" to Ms. Pickens.

If it is Crossclaimant's contention that the terms "credit" and "exclusion amounts" include the "marital deduction", such that Ms. Pickens would be obligated to indemnify the trust for the estate tax that would have been imposed on the property distributed to her if the marital deduction did not apply, such contention is wholly without merit.[5] However, even if there were merit to this contention, the Crossclaim fails to state a claim upon which relief may be granted because it fails to allege that the terms "credit" and "exclusion amounts" include the marital deduction.

From the context in which they are used, it is clear that the terms "credit" and "exclusion amount" refer, respectively, to the unified credit provided in 26 U.S.C. §2010 and its associated "exclusion amount". "Credits" and "exclusion amounts" are

---

interest", the change would result in the loss of the marital deduction, and an increase in estate tax, if any of the several conditions prescribed by 26 U.S.C. §2056(b)(7) are not satisfied.

[5] Plaintiff made this same argument in its response to Ms. Pickens' Motion to Dismiss its Complaint. (DE 21). It is predicated on a tortured interpretation of the indemnity provision (i.e., that "credit" means "deduction") and the preposterous contention that Ms. Pickens pledged to Crossclaimant, as Co-trustee, her entire inheritance (for which she had to sue Crossclaimant) to indemnify him for his own misconduct. In removing Crossclaimant as Trustee of Decedent's Trust, the court specifically found that the only reason the estate tax was unpaid was Crossclaimant's misconduct and gross mismanagement. (DE 15, App. "I"). Plaintiff has not even attempted to explain Ms. Pickens' motivation for sacrificing her inheritance to cure Crossclaimant's misconduct.

entirely different adjustments than "deductions". A "credit" is a "below-the-line" adjustment.[6] It is subtracted from the tentative tax on the "taxable estate" to arrive at the ultimate estate tax liability. The "exclusion amount" is the amount that can pass to beneficiaries (other than the surviving spouse) without estate tax by reason of the unified credit.[7] The amount of the unified credit and associated "exclusion amount" is the same for every estate, regardless of its size and regardless of whether the decedent is survived by his or her spouse.

"Deductions", on the other hand, including the marital deduction, are "above-the-line" adjustments. They are subtracted from the "gross estate" to determine the amount of the "taxable estate". The marital deduction is available only to the estate of a decedent who leaves property to his surviving spouse. The amount of the marital deduction is equal to the value of the property that is left to the decedent's surviving spouse, but is otherwise unlimited.  If the Decedent had left everything to Ms. Pickens, there would have been no estate tax liability. It is only because he left property to Crossclaimant and his other descendants that any estate tax was incurred.

Crossclaimant claims that Ms. Pickens is liable for the entire unpaid tax liability of $10,261,217. Even if Ms. Pickens were liable under the indemnity provision for the estate tax that would have been imposed on the property distributed to her without regard to the marital deduction (she is not), her liability would be limited to the "increase in Death Taxes", over and above the estate tax that would have been owed in the absence of the Settlement Agreement. (DE 15, App. "D", Sec. 4. a. (vi)). The Settlement Agreement increased the distributions to Ms. Pickens from $9,917,923 to $19,040,654. Without the marital deduction, the estate tax on that increase, at the highest marginal tax rate (55% for estates of decedents dying in 2000)

---

[6] The "line" is the "taxable estate."

[7] Here, the Decedent died in 2000 when the unified credit prescribed by 26 U.S.C. §2010 was $220,000. This is the amount of estate tax that was imposed on $675,000 of property in 2000. Consequently, the "exclusion amount" of the $220,000 unified credit was $675,000. Reference to the "exclusion amount" is a reference to the unified credit and vice versa.

would be $5,017,502. However, the indemnity provision clearly limits Ms. Pickens' liability to the increase in estate tax payable as the result of the additional distributions to her under the Settlement Agreement after taking into account the marital deduction applicable to those distributions. Since those distributions did not result in any additional estate tax, she has no liability to Crossclaimant under the indemnity provision. Accordingly, as a matter of law, the Crossclaim should be dismissed with prejudice.

**WHEREFORE,** for each and all the reasons set forth above, Defendant, Madeleine Pickens, respectfully requests that the Court dismiss John Michael Paulson's Crossclaim against her in its entirety with prejudice and that the Court grant such other and further relief deemed just and proper.

Dated: January 27, 2016    **AKERMAN LLP**

By: */s/ Joshua R. Mandell*
    Joshua R. Mandell
    Donald N. David
Attorneys for Defendant
MADELEINE PICKENS