ANDREW L. SOBOTKA
Texas State Bar No. 18819900
MOHA P. YEPURI
Texas State Bar No. 24046651
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
(214) 880-9736/9767
(214) 880-9741 (Facsimile)
Attorneys for United States
Andrew.L.Sobotka@usdoj.gov
Moha.P.Yepuri@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 15cv2057-AJB/NLS |
| § | Hearing: February 18, 2016 |
| JOHN MICHAEL PAULSON, et al. § | Courtroom 3B |
| § | Judge Anthony J. Battaglia |
|     Defendants § | |

UNITED STATES' RESPONSE IN OPPOSITION TO
JAMES PAULSON'S MOTION TO DISMISS

The United States responds to James D. Paulson's Motion to Dismiss (Dkt. 36) as follows:

**I.      Procedural Background**

This case was initiated by the United States as a suit to collect more than

$10 million in unpaid estate taxes owed by the Estate of Allen E. Paulson (the Estate). The Complaint asserts claims against: (a) John Michael Paulson; (b) James D. Paulson; (c) Vikki Paulson and Crystal Christensen; and (d) Madeleine Pickens (Mr. Paulson's spouse).

All Defendants have appeared without asserting any defenses related to service of process or personal jurisdiction. Defendants Pickens, Vikki Paulson, Crystal Christensen and James Paulson have filed motions to dismiss, while Defendant John Michael Paulson has filed an answer and cross-claims against Pickens, Vikki Paulson and Crystal Christensen. There has been no Rule 26(f) conference, no discovery and no scheduling order entered.

The United States' Complaint asserts claims against James Paulson in his representative capacity as an executor or statutory executor of the Estate of Allen E. Paulson (the Estate), and individually for his role as a former Trustee of the Allen E. Paulson Living Trust (the Living Trust).[1] James Paulson's Motion seeks dismissal of these claims (Dkt. 26) but cites no legal authority, and provides no

---

[1] The caption and ¶ 5 of the Complaint state that James Paulson is sued in his representative capacity as executor or statutory executor of the estate, Count IV and the Prayer to the Complaint assert claims for individual liability against James D. Paulson for his role as Trustee of the Allen E. Paulson Living Trust. Complaint (Dkt. 1) at p. 21, 29-30.

explanation as to what rule of procedure it has been filed under. Although the Motion is replete with numerous unsubstantiated factual allegations, rhetorical questions, and excuses – all of which are matters outside of the United States' Complaint, the Motion lacks any evidentiary support to be considered a motion for summary judgment. Accordingly, the United States will treat it as Motion as a motion to dismiss under Rule 12(b)(6) until otherwise instructed by the Court.

## II.   Standard for Dismissal Under Rule 12(b)

A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Rule 8 standard contains "a powerful presumption against rejecting pleadings for failure to state a claim." *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985); *see also Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir.1986) ("It is axiomatic that '[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.' ") (*quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 598 (1969)).

When a claim is challenged under Fed. R. Civ. P. 12(b)(6), the court must presume that all well pleaded allegations are true, resolves all doubts and

3

US Response to James Paulson's Motion to Dismiss
Case No. 3:15-cv-2057-AJB-NLS

inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Jackson v. Birmingham Bd. of Education*, 544 U.S. 167 (2005). There is a strong presumption against dismissing pleadings pursuant to this rule. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove **no set of facts** in support of its claim which would entitle it to relief. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

When a Rule 12(b)(6) motion to dismiss relies on matters outside of the pleadings, the court may refuse to consider those matters or convert the motion to a motion for summary judgment under Rule 56. If the motion is converted, the court must allow the non-moving parties a reasonable opportunity to present other material that is pertinent to the motion. Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also deny or suspend the motion while allowing the non-moving party to complete discovery. Fed. R. Civ. P. 56(d).

Here, James Paulson's Motion relies almost exclusively on allegations and arguments outside of the Complaint. Under the Rule 12 standards discussed

above, those allegations should be disregarded in deciding whether to dismiss the claims set forth in the Complaint against James Paulson.  Moreover, to the extent that any of the allegations are converted to a motion under Rule 56, the United States is entitled to, and hereby requests, time to conduct discovery into those allegations under Rule 56(d) before being required to further respond to them.

### III. Response to Issues Raised by James Paulson

Even if the Court were to consider the numerous allegations and arguments raised by James Paulson, his Motion must be denied because those allegations and arguments do not excuse him from the liability asserted in this case.

#### A. The claim against James Paulson in his representative capacity as statutory executor of the Estate.

James Paulson argues that the Complaint fails to state a claim against him in a representative capacity as executor of the Estate.  (Motion at 7).  As explained below, he is wrong because he is a statutory executor under 26 U.S.C. § 2203. This claim merely seeks to obtain a judgment against the Estate by naming its executor or administrator in a representative capacity. This is necessary to reduce the estate tax liability to a judgment under 26 U.S.C. § 7402, and to extend the statute of limitation for collection of that tax under 26 U.S.C. § 6502.  However, the United States does not care which of the Defendants is deemed to be the

executor or administrator so long as someone appears in this case as a representative of the Estate of Allen E. Paulson so that a judgment can be sought and entered against the Estate.  Imposing such representative capacity on all of the Defendants does nothing more than ensure that this Court's final judgment against the Estate cannot be overturned because the Court chose incorrectly.

By statute, the taxpayer liable for the estate tax is the executor the estate. 26 U.S.C. § 2002.  Although Section 2002 does not explicitly state whether it imposes personal liability or merely representative liability for the estate, the applicable treasury regulation and judicial decisions confirm that it merely imposes a representative capacity liability on an executor for an estate. *See* Treas. Reg. (26 C.F.R.) § 20.2002–1; *Leigh v. Commissioner*, 72 T.C. 1105, 1979 WL 3762 (1979) (stating that Treas. Reg. § 20.2002–1 clarifies that 26 U.S.C. § 2002 only imposes liability in a representative capacity, and that personal liability of an executor only arises if 31 U.S.C. § 3713(b) (formerly 31 U.S.C. § 192) also applies.  Thus, a suit against an executor in his or her representative capacity as an executor or as a statutory executor is a suit against the estate, but is not a claim intended to reach the personal assets of the executor.

By law, an executor is defined as the person appointed by a probate court or in the absence of such court appointed executor, those persons having possession of the property of the decedent.  26 U.S.C. § 2203; Treas. Reg. § 20.2203-1.  Here,

the Complaint clearly alleges that the court appointed executor, John Michael Paulson, resigned effective January 15, 2013 (Complaint at ¶ 54)[2], and that James Paulson held actual or constructive possession of property that belonged to Allen E. Paulson (Complaint at ¶¶ 44 and 59).  Although the Complaint also alleges that James Paulson was later removed as Trustee of the Allen E. Paulson Living Trust (Complaint at ¶ 46), such that one might infer he may no longer has actual or constructive possession of such property, the allegations in the Complaint are sufficient for denial of his Motion on this claim – at least until the Court determines there is a court appointed executor, or some other statutory executor to represent the Estate.

### B. The Complaint states a claim against the James Paulson under 26 U.S.C. 6324(a)(2)

Count IV of the Complaint asserts that James is personally liable to the United States in his individual capacity under Section 6324(a)(2) because during 2009 and 2010, he was one of the Co-trustees of the Allen E. Paulson Living Trust, and as such received assets that had been included in the gross estate under Section 2038.  26 U.S.C. § 6324(a)(2) provides:

---

[2] *See also*, Resignation, Appendix J (Dkt. 15-12, p. 30 of 30) attached to Pickens' Motion.

> If the estate tax … is not paid when due, then the spouse, transferee, trustee … surviving tenant, person in possession of the property by reason of the exercise of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive . . .

Here, James Paulson's Motion does not specifically address the claims against him in Count IV of the Complaint for personal liability under Section 6324(a)(2). However, even if it did, nothing in Motion explains why the government's allegations against him on that claim are insufficient to go forward. To the contrary, James admits that he was a co-trustee from March 24, 2009, until June 10, 2010 (Motion at 7-8), and that at such time he believed that the previous trustee, John Michael Paulson, had failed to comply with his duties to pay the estate tax.  (Motion at 8, "We were seeking Michael's removal for NOT paying off the Trust debts, especially the IRS Tax debt. . .").  Thus, despite being aware of the Living Trust's obligation to pay the estate tax when he took over the Trust in 2009, James (and Vikki) failed to pay that same tax debt.  His allegation that the Living Trust was under the supervision of the Probate Court is also insufficient to relieve him of liability unless he can prove that he asked the Probate Court for permission to pay the estate tax, accurately disclosed all of the facts regarding the Living Trust's condition, and was refused.  However, he contends (or admits) overstating the value of the Living Trust's assets by more than $6 million ($13,738,727 - $7,000,000, Motion at 8) to the Probate Court.  At the same time, he admits that

the Trust still had at least $3,500,000 in unencumbered assets it could have sold and paid to the IRS.  (Motion at 9).  Even if we accept his argument that he and Vikki were attempting to liquidate the Full House Resort stock, there is no excuse for his failure to do so and to pay the proceeds to the IRS.

**C. Other arguments do not warrant dismissal.**

Throughout his Motion to Dismiss, James Paulson makes two other arguments which even if true (they are not) would not warrant dismissal of the government's claims against him.  First, he argues that the IRS should not have agreed to allow the Estate to pay part of the original estate tax and all of the audit deficiency in installments over 15 years under Section 6166.  (Motion at 2-6).  However, James fails to understand that that the right of an estate to elect to make installment payments over 15 years under Section 6166 is a statutory right that does not require the IRS's initial agreement.  26 U.S.C. § 6166(d).  Instead, if an estate has assets that qualify it to make the Section 6166 election, the estate exercises it's right to make that election, and Internal Revenue Code gives the IRS the right to "terminate" that Section 6166 election if it later determines that the estate did not qualify (not argued here); if the estate later disposes of assets such that it no longer qualifies (not argued here); or the estate fails to make required installment payments and does not cure them in a timely manner.  26 U.S.C. § 6166(g).

Here, the Complaint alleges that IRS terminated the Estate's Section 6166 election during May of 2010 – while James Paulson was still a Co-Trustee of the Living Trust. (Dkt. 1, Complaint at ¶¶ 45-46).  Thus, the idea that the Section 6166 election and the reduced rate of interest under 26 U.S.C. § 6601(j) directly enjoyed by the Estate, and indirectly enjoyed by the Defendants in a reduced liability now sought in this suit, was somehow the IRS's fault is legally incorrect.  Moreover, James' fails to explain how such an argument – even if true – would excuse him from liability under Section 6324(a)(2) for not turning over the available assets of the Living Trust to the government during his tenure as a Co-trustee between March 24, 2009 and June 10, 2010.

Second, James Paulson argues that there were numerous "RED FLAGS" that should have caused the IRS to somehow force earlier collection of this tax while John Michael Paulson still controlled sufficient assets to pay it. (Motion at 5-6). However, the United States is not subject to the defense of laches in enforcing its rights. *United States v. Summerlin,* 310 U.S. 414 (1940); *United States v. Overman*, 424 F.2d 1142 (9th Cir. 1970).

### IV. Conclusion

For the reasons stated above, James D. Paulson's Motion to Dismiss the United States' Complaint must be denied.

/s/ Andrew L. Sobotka
ANDREW L. SOBOTKA
Texas State Bar No. 18819900
MOHA P. YEPURI
Texas State Bar No. 24046651
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
(214) 880-9767
(214) 880-9741 (Facsimile)
Attorneys for United States
Andrew.L.Sobotka@usdoj.gov
Moha.P.Yepuri@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CERTIFICATE OF SERVICE

It is hereby certified that on January 27, 2016, a copy of the United States' Response in Opposition to James D. Paulson's Motion to Dismiss was served electronically on the following using the Court's ECF system:

Joshua A. Mandell
Ackerman LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017-5433
Phone: (213) 688-9500
Fax: (213) 627-6342
Joshua.mandell@ackerman.com

Donald N. David
666 Fifth Avenue, 20th Floor
New York, NY 10103
Phone: (212) 880-3800
Fax: (212) 880-8965
Donald.david@ackerman.com

Glen A. Stankee
Ackerman LLP
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
Phone: (954) 463-2700
Fax: (954) 463-2224
Glen.stankee@ackermann.com
   Attorneys for Madeleine Pickens

Jeremy Gray
Zuber Lawler & Del Duca LLP
777 S. Figueroa Street • 37th Floor
Los Angeles, CA 90017
Phone: (213) 596-5620
Fax: (213) 596-5621
jgray@zuberlaw.com
www.zuberlaw.com
   Attorneys for Vikki Paulson and Crystal Christensen

LEIGHTON R. KOEHLER
FabianVanCott
601 South Tenth Street, Suite 204
Las Vegas, NV  89101
Phone: (801) 323-2244
lkoehler@fabianvancott.com
www.fabianvancott.com
    Attorney for John Michael Paulson

And by mailing a copy to:

James D. Paulson
20600 Ventura Blvd., #1632
Woodland Hills, CA 91364


                        /s/ Andrew Sobotka
                          Andrew Sobotka