Philip D. Dracht, CA State Bar No. 219044
Fabian VanCott
15 W. Carillo St.
Santa Barbara, California 93101
Telephone: 801-323-2251
Email: pdracht@fabianvancott.com

Kevin N. Anderson, UT State Bar No: A0100, *admitted Pro Hac Vice*
Fabian VanCott
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: 801-323-2225
Email: kanderson@fabianvancott.com

Leighton R. Koehler, NV State Bar No: 12798, *admitted Pro Hac Vice*
Fabian VanCott
601 South Tenth Street, Suite 204
Las Vegas, NV 89101
Telephone: 801-323-2244
Email: lkoehler@fabianvancott.com

*Attorneys for Defendant John Michael Paulson*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:15-cv-02057-AJB-NLS |
| Plaintiff, | **CROSSCLAIMANT JOHN MICHAEL PAULSON'S NOTICE OF OPPOSITION AND OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS** |
| v. | |
| JOHN MICHAEL PAULSON, individually, and as the Executor or Statutory Executor of the Estate of Allen E. Paulson; | |
| | DATE: March 24, 2016 |
| JAMES D. PAULSON, as the Statutory Executor of the Estate of Allen E. Paulson; | TIME: 2:00 P.M. |
| VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; | COURTROOM 3B |
| | Honorable Judge Anthony J. Battaglia |
| CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; | |
| MADELEINE PICKENS individually, and as the Statutory | |

i

| | |
|---|---|
| Executor of the Estate of Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as the Trustee of the Madeleine Anne Paulson Separate Property Trust;<br><br>  Defendants.<br><br>JOHN MICHAEL PAULSON,<br><br>  Crossclaimant,<br><br>  v.<br><br>JAMES D. PAULSON, as the Statutory Executor of the Estate of Allen E. Paulson;<br>VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust;<br>CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust;<br>MADELEINE PICKENS individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as the Trustee of the Madeleine Anne Paulson Separate Property Trust;<br><br>  Crossdefendants. | |

<u>CROSSCLAIMANT JOHN MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS</u>

By: S/ Leighton R. Koehler
LEIGHTON R. KOEHLER
KEVIN N. ANDERSON
PHILIP D. DRACHT
FABIAN VANCOTT
*Attorneys for Defendant John Michael Paulson*
Email: lkoehler@fabianvancott.com
Email: kanderson@fabianvancott.com

ii

Case No: 15cv2057 AJB NLS
CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1
INTRODUCTION ................................................................................................. 1
BACKGROUND .................................................................................................... 1
LEGAL STANDARD FOR MOTION TO DISMISS ............................................ 2
ARGUMENT ......................................................................................................... 3
   I   MICHAEL PAULSON HAS PROPERLY STATED A CLAIM FOR INDEMNIFICATION UNDER THE TERMS OF THE SETTLEMENT AGREEMENT WITH PICKENS ............................................................... 3
   II.  ALTERNATIVELY, THE INDEMNIFICATION PROVISION OF THE SETTLEMENT AGREEMENT IS AMBIGUOUS AND CANNOT BE INTERPRETED ON A MOTION TO DISMISS ..................................... 5
CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) .................................... 2

*Cooper v. TriWest Healthcare All. Corp.*, No. 11-CV-2965-L RBB, 2013 WL 5883784, at *4 (S.D. Cal. Oct. 30, 2013) ............................................. 3

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ........................................... 7

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) ........................... 3

*Indep. Living Ctr. of S. California v. City of Los Angeles, Cal.*, 973 F. Supp. 2d 1139, 1146 (C.D. Cal. 2013) ................................................................ 2

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) .............................................. 7

*San Diego Trust & Sav. Bank v. United States*, No. 68-297-J, 1971 WL 386, at *9 (S.D. Cal. Feb. 5, 1971) ............................................................................. 6

*Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1120 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) .................................................................................... 3

*Westport Ins. Corp. v. N. California Relief*, 76 F. Supp. 3d 869, 879 (N.D. Cal. 2014) ........................................................................................................ 6

## STATUTES

26 U.S.C. § 6324 ................................................................................................. 4, 5

31 U.S.C. § 3713(b). ........................................................................................... 4, 7

Cal. Civ. Code § 1638 ............................................................................................. 4

Cal. Civ. Code § 1644 ............................................................................................. 6

## RULES

12(b)(6) .................................................................................................................... 2

iv

Case No: 15cv2057 AJB NLS
CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS

Crossclaimant JOHN MICHAEL PAULSON ("Michael Paulson"), by and through his attorneys Fabian VanCott, hereby provides notice of his opposition and opposes Cross-Claim Defendant Madeleine Pickens' ("Pickens") Motion to Dismiss (the "Pickens Motion"). In support of the opposition and notice thereof, Michael Paulson submits herewith a Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In 2003, Pickens, the wife of decedent Allen E. Paulson ("Allen Paulson"), received distributions from the Allen E. Paulson Living Trust (the "Trust") after a protracted dispute with Allen Paulson's family members. To resolve the dispute, Pickens entered into a binding contract with the co-trustees of the Trust, as well as the other beneficiaries under the Trust (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Pickens received certain property from the Trust, relinquished any right to future distributions, and agreed to indemnify the co-trustees should they face estate tax liability arising from the distributions to her. These distributions constituted significant assets of the Trust, reducing the assets of the Trust available for distributions to known creditors of the estate and to the remaining beneficiaries.

The United States of America (the "United States") initiated suit for unpaid estate taxes against Michael Paulson, Pickens, and others in September of 2015. Michael Paulson filed an Answer and Crossclaim against Pickens in January of 2016. Pickens moved to dismiss Michael Paulson's crossclaim, asserting he failed to state a claim for relief. Michael Paulson has properly asserted a claim for relief against Pickens, pursuant to the Settlement Agreement's plain language. The Court should not permit Pickens to avoid her contractual obligations and should deny the motion to dismiss.

## BACKGROUND

Allen Paulson, father of Michael Paulson, and husband of his then third wife,

Madeleine Pickens fka Madeleine A. Paulson, died on July 19, 2000. (Complaint (Doc. 1) at ¶¶ 4, 8, 21.) Allen Paulson died with a will, which named Michael Paulson as Co-Executor of the Estate. (*Id.* at ¶¶ 19-20, 23.) Nearly all of the assets of Allen Paulson's Estate were held by the Trust dated December 23, 1986, as later amended. (*Id.* at ¶ 24.) Such assets included real property, personal property, stocks and bonds, and cash and receivables. (*Id.* at ¶ 24.) Following his death, disputes arose between the Trust, the Estate and Pickens related to the disposition of assets. (Crossclaim (Doc. 38) at ¶ 1.) Such dispute was resolved through execution of the court-approved Settlement Agreement. (*Id.* at ¶¶ 1-2.) Pursuant to the Settlement Agreement, Pickens received multiple properties and assets from the Trust. (Complaint at ¶ 33.) The Settlement Agreement contained an indemnification provision:

> Except as otherwise provided in this Paragraph 21, the Parties acknowledge and agree that Madeleine shall have no liability for the payment of Death Taxes, or gift taxes attributable to gifts made by Allen during his lifetime, and that all such taxes shall be paid by the Co-Trustees, and, in furtherance of such obligation, the Co-Trustees agree to indemnify, defend and hold harmless Madeleine from and against any such liability. The liability for any estate tax or gift tax (determined at the highest marginal tax rate and without the benefit of any credit or exclusion amounts) payable as a result of any distribution made to Madeleine pursuant to this Agreement shall be borne entirely by Madeleine, and, in furtherance of such obligation, Madeleine agrees to indemnify, defend and hold harmless the Co-Trustees from and against any such liability.

(Crossclaim at ¶ 3; Appendix D (Doc. 15-5) to Pickens Motion to Dismiss Complaint (Doc. 15) at ¶ 21.)

## LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should not be dismissed if "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The same standard applies to a crossclaim. *Indep. Living Ctr. of S. California v. City of Los Angeles, Cal.*, 973 F. Supp. 2d 1139, 1146 (C.D. Cal. 2013) ("In considering whether to dismiss a cross-complaint,

the court must accept the allegations of the cross-complaint as true."). On a motion to dismiss, the court must take all allegations in the crossclaim as true, construing them in the light most favorable to the nonmoving party. *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1120 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and only properly granted under only under extraordinary circumstances. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Courts are generally "confined to consideration of the allegations in the pleadings, but may consider documents specifically identified in the complaint. *Cooper v. TriWest Healthcare All. Corp.*, No. 11-CV-2965-L RBB, 2013 WL 5883784, at *4 (S.D. Cal. Oct. 30, 2013) ("Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions.").

## ARGUMENT

### I. MICHAEL PAULSON HAS PROPERLY STATED A CLAIM FOR INDEMNIFICATION UNDER THE TERMS OF THE SETTLEMENT AGREEMENT WITH PICKENS

In 2003, as a result of Pickens' dispute with the Estate and the Trust and her demand for a distribution, Michael Paulson, in his capacity as co-Trustee of the Trust and executor of the Estate, the other beneficiaries under the Trust, and Pickens entered into the Settlement Agreement. The terms of the Settlement Agreement provided Pickens with her inheritance, modified the Trust to bypass the Marital Trust, and extinguished her claim to other assets of the Estate or the Trust. As a result of the distribution to Pickens, she agreed to be liable for any estate or gift tax payable as a result of the distributions made to her pursuant to the Settlement Agreement. In his Crossclaim against Pickens, Michael Paulson properly seeks indemnification from Pickens, based on the clear and unambiguous language of the Settlement Agreement. Neither Michael Paulson nor Pickens

3

Case No: 15cv2057 AJB NLS
CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS

dispute the existence or validity of Settlement Agreement or that Pickens received distributions from the Trust pursuant to the Settlement Agreement. Nonetheless, Pickens now seeks to avoid her contractual obligations. Because the Court must accept Michael Paulson's allegations as true and because Michael Paulson has stated a claim for relief against Pickens, the Court must deny the Pickens Motion.

In California, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. Once reduced to writing, "the intention of the parties is to be ascertained from the writing alone, if possible." *Id.* at § 1639.

Paragraph 21 of the Settlement Agreement provides:

> The liability for any estate tax or gift tax (determined at the highest marginal tax rate and without the benefit of any credit or exclusion amounts) payable as a result of any distribution made to Madeleine pursuant to this Agreement shall be borne entirely by Madeleine, and, in furtherance of such obligation, Madeleine agrees to indemnify, defend and hold harmless the Co-Trustees.

(Crossclaim at ¶ 3.) The United States, in its Complaint against both Michael Paulson and Pickens, seeks liability arising out of unpaid estate taxes under 26 U.S.C. § 6324(a)(2), 31 U.S.C. § 3713, and California law. (Complaint at p.2.) Michael Paulson denies liability arising under those statutes based on various defenses asserted in his Answer. However, in the event he is found liable for any unpaid estate taxes as a result of the distributions made to Pickens, he is entitled to indemnification pursuant to the plain language of the Settlement Agreement.

Section 3713 of the Internal Revenue Code provides that "A representative of a person or an estate … paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b). The United States alleges in its Complaint that, as a result of the distributions to Pickens, the Estate was unable to pay the estate taxes. (*See* Complaint at ¶ 4.) The United States therefore seeks to hold Michael Paulson, as former co-trustee of the Trust, liable for the unpaid estate

4

taxes, solely as a result of the transfer of assets from the taxable estate of Allen Paulson to Pickens in settlement of her claims. (*Id.*) Based on the plain language of the Settlement Agreement, Pickens has a duty to defend and indemnify Michael Paulson.

Rather than referring the Court to Paragraph 21, the relevant provision of the Settlement Agreement relied on by Michael Paulson in the Crossclaim, Pickens directs the Court's attention to Paragraph 4(a)(vi), which provides:

> Notwithstanding any provision to the contrary contained in this Agreement, any distribution of property made to Madeleine under this Agreement is necessarily made subject to the statutory lien for the payment of federal estate taxes, which lien attaches automatically upon death as provided in Internal Revenue Code Section 6324. However, Madeleine shall be indemnified and held harmless by the Co-Trustees from and against any liability arising from the perfection by the Internal Revenue Service of such lien to secure the payment of any federal estate tax deficiency excepting only any increase in Death Taxes for which Madeleine is liable pursuant to the terms of this Agreement.

Settlement Agreement at ¶ 4(a)(vi). Pursuant to this provision, the co-trustees must indemnify Pickens for liability arising from the IRS's perfection of liens under 26 U.S.C. § 6324 Michael Paulson has not made a claim against Pickens pursuant to Section 6324. Paragraph 4 is silent as to Pickens' liability to the co-trustees arising under other statutory provisions. Thus, to the extent the co-trustees incur liability to the United States other than based on Section 6324, Pickens must indemnify them.

The Court should deny the Pickens Motion because Michael Paulson has stated a claim for relief against Pickens and because the Court cannot determine at this time, as a matter of law, whether the co-trustees, and therefore Pickens, are liable to the United States for any estate taxes.

## II.    ALTERNATIVELY, THE INDEMNIFICATION PROVISION OF THE SETTLEMENT AGREEMENT IS AMBIGUOUS AND CANNOT BE INTERPRETED ON A MOTION TO DISMISS

In the alternative, Paragraph 21 of the Settlement Agreement is ambiguous because it is susceptible to more than one interpretation. Michael Paulson has

5

1  alleged sufficient facts to demonstrate that Pickens may be required to indemnify
2  him under the Settlement Agreement, as a result of liability arising from the
3  distributions to Pickens. Pickens disagrees with Michael Paulson's interpretation of
4  Paragraph 21 and offers her own interpretation. The Court must consider the intent
5  of the parties and extrinsic evidence to ascertain the meaning of Paragraph 21. Such
6  cannot be done on a motion to dismiss.

7  Typically, terms in a contract are to be understood based on their ordinary
8  and popular sense, not according to the terms' strict legal meaning. Cal. Civ. Code
9  § 1644.  "A contract term will be considered ambiguous when it is capable of two
10 or more constructions, both of which are reasonable." *Westport Ins. Corp. v. N.*
11 *California Relief*, 76 F. Supp. 3d 869, 879 (N.D. Cal. 2014).  Parol evidence is
12 properly admitted to construe a contract only when its language is ambiguous. *San*
13 *Diego Trust & Sav. Bank v. United States*, No. 68-297-J, 1971 WL 386, at *9 (S.D.
14 Cal. Feb. 5, 1971) ("Where, however, the provisions of the trust instrument are
15 ambiguous, parol evidence may be admitted to explain the intent of the parties.")

16  The term "liability" is not defined in Paragraph 21 of the Settlement
17 Agreement. Pickens claims in her motion that the term means an increase in estate
18 taxes and that her liability would be limited to any increase in estate taxes. (Pickens
19 Mot. at 4.) Based on Pickens' interpretation of "liability," she further asserts that
20 the distributions to her pursuant to the Settlement Agreement reduced the estate
21 taxes owed by the Estate and that she therefore does not have an obligation to
22 indemnify Michael Paulson. (Pickens Motion at 2.)

23  Pickens has improperly redefined and narrowed the normal usage of the term
24 "liability." The Merriam-Webster Dictionary defines "liability" as "1: The quality
25 of state of being liable 2: Something for which one is liable; *especially*: pecuniary
26 obligation 3: one that acts as a disadvantage." *Merriam-Webster.com*, 2016,
27 http://www.merriam-webster.com (accessed February 10, 2016). The Pickens
28 Motion ignores the ordinary and popular definition of the term, in an attempt to

6

CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS

1   circumvent her contractual obligations under the Settlement Agreement.

2   As explained *supra*, in Section I, the United States asserts that Michael
3   Paulson, in his capacity as co-trustee of the Trust, is liable for estate taxes because
4   he failed to comply with 31 U.S.C. § 3713(b).[1] (Complaint at ¶ 4.) Such potential
5   liability does not arise from an increase in estate taxes, but rather as a result of
6   distributions that may give rise to liability under Section 3713(b). Michael Paulson
7   never claimed in his Crossclaim that Pickens was required to indemnify him as a
8   result of an increase in estate taxes. (Crossclaim at ¶ 4.) Instead, relying on the
9   language of the Settlement Agreement, Michael Paulson asserted that, should a
10  judgment be entered against him, Pickens would have to indemnify him.

11  The Settlement Agreement is vague and ambiguous with respect to the term
12  "liability" and cannot be interpreted as a matter of law at this stage of the
13  proceedings. The Court should deny the Pickens Motion and permit the parties to
14  introduce parol evidence as to the meaning of the term liability in Paragraph 21 of
15  the Settlement Agreement.

## CONCLUSION

17  This Court should deny the Pickens Motion because Michael Paulson has
18  stated a claim for relief pursuant to the Settlement Agreement. If the Court
19  determines to grant the Pickens Motion, Michael Paulson hereby requests leave to
20  amend his Crossclaim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave
21  to amend should be granted unless pleading could not be cured by pleading
22  additional facts); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)("a district
23  court should grant leave to amend even if no request to amend the pleading was
24  made, unless it determines that the pleading could not possibly be cured by the
25  allegation of other facts").

26  For the foregoing reasons, the Court should deny Cross-Claim Defendant
27  Madeleine Pickens' Motion to Dismiss.

---

28  [1] Also as noted above, Michael Paulson denies any such liability.

7

By: S/ Leighton R. Koehler
LEIGHTON R. KOEHLER
KEVIN N. ANDERSON
PHILIP D. DRACHT
FABIAN VANCOTT
*Attorneys for Defendant John Michael Paulson*
Email: lkoehler@fabianvancott.com
Email: kanderson@fabianvancott.com
Email: pdracht@fabianvancott.com

8

Case No: 15cv2057 AJB NLS
CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS

# CERTIFICATE OF SERVICE

In accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Rule 4.1(d) of the Local Rules of Practice for the United States District Court for the Southern District of California, I certify that I am an employee of FABIAN VANCOTT and that on this 10th day of February, 2016, I did cause a true copy of **DEFENDANT JOHN MICHAEL PAULSON'S NOTICE OF OPPOSITION AND OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System in this action.

By: */s/* Kelsi Wall
An Employee of
FABIAN VANCOTT

.

9

Case No: 15cv2057 AJB NLS
CROSSCLAIMANT J. MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANT MADELEINE PICKENS' MOTION TO DISMISS