Philip D. Dracht, CA State Bar No. 219044
Fabian VanCott
15 W. Carillo St.
Santa Barbara, California 93101
Telephone: 801-323-2251
Email: pdracht@fabianvancott.com

Kevin N. Anderson, UT State Bar No: A0100, *admitted Pro Hac Vice*
Fabian VanCott
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: 801-323-2225
Email: kanderson@fabianvancott.com

Leighton R. Koehler, NV State Bar No: 12798, *admitted Pro Hac Vice*
Fabian VanCott
601 South Tenth Street, Suite 204
Las Vegas, NV 89101
Telephone: 801-323-2244
Email: lkoehler@fabianvancott.com

*Attorneys for Defendant/Crossclaimant John Michael Paulson*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, individually, and as the Executor or Statutory Executor of the Estate of Allen E. Paulson;<br>JAMES D. PAULSON, as the Statutory Executor of the Estate of Allen E. Paulson;<br>VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust;<br>CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust;<br>MADELEINE PICKENS individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as the Trustee of the | Case No.: 3:15-cv-02057-AJB-NLS<br><br>**DEFENDANT JOHN MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS**<br><br>DATE: March 24, 2016<br><br>TIME: 2:00 P.M.<br><br>COURTROOM 3B<br><br>Honorable Judge Anthony J. Battaglia |

1

| | |
|---|---|
| 1 | Madeleine Anne Paulson Separate Property Trust; |
| 2 | |
| | Defendants. |
| 3 | |
| 4 | JOHN MICHAEL PAULSON, |
| 5 | Crossclaimant, |
| 6 | v. |
| 7 | VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of |
| 8 | Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; |
| 9 | CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate |
| 10 | of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; |
| 11 | MADELEINE PICKENS individually, and as the Statutory Executor of the Estate of |
| 12 | Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. |
| 13 | Paulson Living Trust, as the Trustee of the Madeleine Anne Paulson Separate Property |
| 14 | Trust; |
| 15 | Crossdefendants. |

Defendant JOHN MICHAEL PAULSON ("Michael Paulson") responds to Cross-Defendants Vikki E. Paulson and Crystal L. Christensen's ("Co-Trustees") Motion to Dismiss Crossclaim (Dkt. 44) (the "Co-Trustees' Motion") as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Since his death in 2000, the estate of Allen E. Paulson has been the subject of numerous court battles, tax appeals, hearings, stipulations and court orders. The terms, and legal effect of the terms, of the stipulations and court orders are at issue in this litigation. In spite of this complicated history—only part of which has been presented to the Court—the Co-Trustees of the Allen E. Paulson Living Trust ask this Court to let them off the hook. This request comes even though the Trust is alleged to have had sufficient assets when the Co-Trustees took over to complete the tax payments and resolve—or avoid—the issues in this most recent court battle.

2

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS

When Michael Paulson was removed as a trustee, the Trust is alleged to have had assets in excess of $13.5 million and was operating under a Section 6166 payment plan. This amount exceeded the alleged unpaid balance of the estate tax liability. Vikki E. Paulson and Crystal L. Christensen as Co-Trustees had control of the assets and were responsible for paying any estate taxes owing to the United States. This, they failed to do.

The United States of America (the "United States") initiated this lawsuit for unpaid estate taxes against Michael Paulson, the Co-Trustees, and others in September of 2015. Michael Paulson was sued in both a representative and individual capacity. He filed a Crossclaim against the Co-Trustees based upon the Co-Trustees' failure to pay the taxes and seeking indemnification in the event the United States is successful in its claim against him. The Co-Trustees moved to dismiss Michael Paulson's crossclaim. Michael Paulson has properly asserted a claim for relief against the Co-Trustees. The Court should not permit the Co-Trustees to avoid their contractual and fiduciary obligations, and should deny the motion to dismiss.

## BACKGROUND

Allen E. Paulson, father of Michael Paulson, father-in-law to Vikki E. Paulson, and grandfather to Crystal L. Christensen, died on July 19, 2000. (Complaint[1] (Dkt. 1) at ¶¶ 4, 6-7, 21.) Allen Paulson died with a will, which named Michael Paulson as Co-Executor of his estate (the "Estate"). (*Id*. at ¶¶ 19-20, 23.) Nearly all of the assets of the Estate were held by the Allen E. Paulson Living Trust dated December 23, 1986, as later amended (the "Trust"). (*Id*. at ¶ 24.) Such assets included real property, personal property, stocks and bonds, and cash and receivables. (*Id*. at ¶ 24.) The Trust was required to pay all applicable estate taxes owed by the Estate. (Exhibit J (Dkt. 44-12) to Co-Trustees' Motion (Dkt. 44) at Article IV.B.1; Complaint (Dkt. 1) at ¶ 18.)

Michael Paulson served as Co-Trustee of the Trust until 2009. (Crossclaim (Dkt. 38) at ¶ 2.) At that time, the Trust is alleged to have had assets in excess of $13.5 million. (Complaint

---

[1] By citing to the Complaint, Michael Paulson does not admit the truth of any such allegations. On a motion to dismiss, the Court must accept allegations in the Complaint as true. Michael Paulson reserves the right to dispute the allegations not expressly admitted in his Answer.

3

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS

(Dkt. 1) at ¶ 44.) This exceeded the alleged unpaid balance of the estate tax liability. (*Id*. at ¶ 44, 55, 76.) The Trust was operating under a Section 6166 payment plan. (*Id*. at ¶¶ 29, 40, 42, 45.)

The California probate court appointed Vikki E. Paulson as trustee in 2009 and Crystal L. Christensen as co-trustee in 2011. (*Id*.) The Co-Trustees apparently challenged certain determinations made by the IRS, rather than pay the taxes due. (*Id*. at ¶¶ 47, 51.) They eventually are alleged to have stipulated to a Tax Court decision sustaining the IRS's decision to terminate the Estate's Section 6166 installment election. (*Id*. at ¶ 49.) The last tax court case evidently concluded on April 18, 2013, (*Id*. at ¶ 51), long after Michael Paulson was removed.

## LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should not be dismissed if "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The same standard applies to a crossclaim. *Indep. Living Ctr. of S. California v. City of Los Angeles, Cal.*, 973 F. Supp.2d 1139, 1146 (C.D. Cal. 2013) ("In considering whether to dismiss a cross-complaint, the court must accept the allegations of the cross-complaint as true."). On a motion to dismiss, the court must take all allegations in the crossclaim as true, construing them in the light most favorable to the nonmoving party. *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1120 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and should only be granted under extraordinary circumstances. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Courts are generally confined to consideration of the allegations in the pleadings, but may consider documents specifically identified in the complaint. *Cooper v. TriWest Healthcare All. Corp.*, No. 11-CV-2965-L RBB, 2013 WL 5883784, at *4 (S.D. Cal. Oct. 30, 2013) ("Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions.").

## ARGUMENT

The Co-Trustees' Motion is an attempt to avoid any responsibility for outstanding estate tax liability, which liability rests squarely and primarily on their shoulders as co-trustees of the

4

1  Trust. The Court should deny the Motion. Although Michael Paulson does not concede that any
2  estate tax is owing, this Court cannot and should not dismiss the crossclaim against the
3  Co-Trustees prior to determining whether the Estate and/or Trust do in fact owe estate taxes to the
4  United States. If a tax is owed, it is to be paid by the Co-Trustees. When they took over, they
5  were aware of the obligation and are alleged to have had assets sufficient to pay it. In the event
6  the United States may be able to impose liability against Michael Paulson, he has the right to seek
7  payment of that amount—or contribution—from the Trust and the Co-Trustees. In addition, the
8  Co-Trustees explicitly agreed to indemnify Michael against any claims by the IRS arising out of
9  the 2013 Settlement Agreement. To dismiss Michael Paulson's crossclaim against the
10  Co-Trustees at such an early stage of the litigation would be premature.

### I. THE TRUST, WHICH HOLDS THE ASSETS OF THE ESTATE, IS RESPONSIBLE FOR PAYING ESTATE TAXES

The Estate has essentially been a dry estate, lacking in assets outside of those in the Trust, since Allen E. Paulson died. Although he was executor of the Estate for a period of time, Michael Paulson has been powerless to pay any estate taxes that may be owing since 2009, when he was removed as trustee of the Trust. Instead, any estate taxes owing are the responsibility of the Trust, through its trustees, the Co-Trustees. In addition, by way of a court approved settlement agreement (and order), Michael Paulson resigned as executor of the Estate, effective January 15, 2013, further limiting any ability he may have had to pay any estate taxes. Since the Co-Trustees are obligated to pay any estate taxes that may be owing[2] they should be required to indemnify Michael Paulson in the event the government establishes that taxes were owed and not paid.

#### A. The Language of the Trust Obligates the Co-Trustees to Pay Any Estate Taxes.

The Co-Trustees are primarily responsible for paying any estate taxes. Allen E. Paulson's Last Will (the "Will") provides that estate taxes will be paid out of the residue of the Estate or from the assets of the Trust. (Exhibit G (Dkt. 44-9) to Co-Trustees' Motion (Dkt. 44) at Article VI.) The Estate reportedly had virtually no assets when Allen Paulson died, as all of his

---

[2] Michael Paulson does not intend this as an admission that any estate taxes are owing to the United States and reserves the right to dispute all of the allegations in the Complaint not expressly admitted in his Answer.

5

assets were put into the Trust.³  The Trust, in turn, provides that the trustee shall pay the estate taxes chargeable against any property disposed of by the Trust, the Will, or by any other conveyance or disposition.  (Exhibit J (Dkt. 44-12) to Co-Trustees' Motion (Dkt. 44) at Article IV.B.1.)

The Co-Trustees have served as trustees of the Trust since 2009 and 2011.  (Crossclaim (Dkt. 38) at ¶ 2.)  Because all of the assets of the Estate were in the Trust, the Co-Trustees were the only individuals able to pay any applicable estate taxes.  From the time the Co-Trustees were named as such, there have been assets in the Trust that could have satisfied any outstanding estate taxes, as alleged by the United States in the Complaint.

**B. Michael Paulson Ceased Serving as Executor in 2013.**

The Co-Trustees make an effort to assert that Michael Paulson remains as the sole executor of the Estate.  Although it is not clear that this claim has any legal significance in light of the obligation of the Co-Trustees to pay the taxes and other expenses of the Estate, it is factually and legally incorrect.  Pursuant to the 2013 Settlement Agreement, which was approved by the California state court and entered as an order, Michael Paulson resigned as executor of the Estate effective January 15, 2013.⁴  Neither the provision requiring Michael Paulson's resignation, nor his official resignation incorporated into the 2013 Settlement Agreement as Exhibit C, required him to take any additional steps to resign or formally vacate the position of

---

³ The Estate contained only the GROC entities. (Complaint (Doc. 1) at ¶ 24.)

⁴ Co-Trustees in their motion request that the Court take judicial notice of a series of documents, most of which are wholly irrelevant to resolution of their motion.  Michael Paulson does not dispute that the Court may take judicial notice of documents whose authenticity is not questioned, such as matters of public record.  However Michael Paulson disputes that the Court needs take judicial notice of all of the documents submitted with the Co-Trustees' Motion.  For example, the Co-Trustees attach a transcript from a court proceeding, in which Michael Paulson did not participate, allegedly to show that the IRS terminated the Section 6166 installment agreement with the Trust. (Co-Trustees' Motion at 3.)  However, while this information is asserted in the Complaint, it is irrelevant for the purposes of determining whether Michael Paulson's crossclaim should be permitted to proceed.  Apparently, the Co-Trustees are attempting to taint the Court's view of Michael Paulson through this irrelevant transcript.  They attach highly edited sections of the transcript on the hearing to approve the 2013 Settlement Agreement, which lack any context, in an attempt to show that Michael Paulson understood the meaning of Paragraphs 13 and 15.  This transcript is irrelevant to the Court's determination of the Co-Trustees' Motion.  The 2013 Settlement Agreement is clear on its face: the Co-Trustees must indemnify Michael Paulson for any of the IRS's claims arising out of the 2013 Settlement Agreement.  It is unclear whether any of the United States' claims against Michael Paulson arise out of the 2013 Settlement Agreement.  To the extent they do, the Co-Trustees have a duty to indemnify Michael Paulson regardless of his comments during the 2013 hearing discussing the terms of the settlement.

6

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS

executor. (Ex. A to Co-Trustees' Motion at ¶ 10, Ex. C.) The 2013 Settlement Agreement is fully integrated (*Id*. at ¶ 20), and was adopted as an order of the state court. (Crossclaim (Dkt. 38) at ¶ 1.) Therefore, Michael Paulson did not have to take any additional steps to resign as executor. His resignation became effective as of January 15, 2013.

The state court did not appoint a new executor or order that an accounting be made within a certain time period. Cal. Probate Code §§ 8522(a) ("If a vacancy occurs in the office of a personal representative and there are no other personal representatives, the court **shall** appoint a successor personal representative." (Emphasis added)); 8525(b). Michael Paulson disputes that he remains executor. The argument that he has not made an accounting or delivered the Estate does not change this. There were no assets remaining in the Estate and there was no individual to whom he could deliver the Estate. Nor did the state court so order. In addition, because the Co-Trustees have not resolved the tax issue, there could be no final accounting or petition for final distribution of the Estate because it is not "in a condition to be closed." Cal. Probate Code § 10951. Michael Paulson does not and cannot have any liability as executor of the Estate. His resignation as Executor at the beginning of 2013 is valid and binding.

## II. THE CO-TRUSTEES TRANSFERRED ASSETS TO MICHAEL PAULSON, FREE AND CLEAR OF ANY LIENS OR ENCUMBRANCES, AND AGREED TO INDEMNIFY HIM AGAINST CLAIMS BY THE IRS

To the extent that any of the taxes alleged to be due relate to the transfer of property made pursuant to the 2013 Settlement Agreement,[5] the Trust and Co-Trustees are responsible for

---

[5] In its complaint, the United States has alleged that Michael Paulson is liable for estate tax pursuant to 26 U.S.C. § 6324. Complaint (Doc. 1 at ¶ 70.) 26 U.S.C. § 6324 provides, in part, as follows:

(a) Liens for Estate Tax. -Except as otherwise provided in subsection (c) –

…

(2) Liability of transferees and others.- If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, to a purchaser or holder of a security interest shall be divested of the lien provided in paragraph (1) and a like lien shall then attach to all the property of such spouse, transferee, trustee,

7

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS

payment of those taxes and indemnification of Michael Paulson for any taxes he may be required to pay. Under the terms of the 2013 Settlement Agreement, the Trust and the Estate transferred designated assets to Michael Paulson. (Ex. A to Co-Trustees' Motion at ¶ 2.)

From 2009 through 2013, Michael Paulson had no way to know whether the Trust paid any taxes that may have arisen from those property transfers. The IRS's claims involve the alleged non-payment of taxes by the Co-Trustees from 2009 forward. This could be viewed as a triggering event that might allow the United States to consider application of 26 U.S.C. § 6324(a)(2), or any other federal tax lien that may be asserted against the property transferred to Michael Paulson. In the event Michael Paulson is found personally liable for any such tax or the property transferred to him subject to any such lien, the indemnification provision in the 2013 Settlement Agreement would apply.[6] The 2013 Settlement Agreement promised that the transfers of assets to Michael Paulson was to be done "free of any debts, liens or encumbrances." (Ex. A to Co-Trustees' Motion at ¶ 2.)

The Co-Trustees have failed in their fiduciary duty to pay the estate tax pursuant to the terms and conditions of the Trust, and failed in their contractual duty pursuant to the 2013 Settlement Agreement to defend and indemnify Michael Paulson. These failures serve as the basis for Michael Paulson's cross-claim against them.

## CONCLUSION

This Court should deny the Co-Trustees' Motion because Michael Paulson has stated a claim for relief pursuant to the 2013 Settlement Agreement. If the Court determines to grant the Pickens Motion, Michael Paulson hereby requests leave to amend his Crossclaim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted unless pleading could not be cured by pleading additional facts); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was

---

surviving tenant, person in possession, or beneficiary, or transferee of any such person, except any part transferred to a purchaser or a holder of a security interest.

[6] The 2013 Settlement Agreement provided that the "Co-Trustees shall indemnify, defend (including the payment of reasonable attorneys fees) and hold Michael [Paulson] harmless from, against, or with respect to any and all claims filed, made, asserted, brought or prosecuted by the IRS, solely arising from this settlement and the terms of this agreement." (Ex. A to Co-Trustees' Motion at ¶ 15.)

8

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"). Amendment would not be futile, as suggested in the Co-Trustees' Motion because, as set forth above, Michael Paulson could allege more facts to support his claims for relief against the Co-Trustees.

For the foregoing reasons, the Court should deny Cross-Claim Defendants Vikki E. Paulson and Crystal L. Christensen's Motion to Dismiss.

Fabian VanCott

By: s/ Kevin N. Anderson
KEVIN N. ANDERSON
PHILIP D. DRACHT
LEIGHTON R. KOEHLER

*Attorneys for Defendant John Michael Paulson*

Email: kanderson@fabianvancott.com
Email: pdracht@fabianvancott.com
Email: lkoehler@fabianvancott.com

# CERTIFICATE OF SERVICE

In accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Rule 4.1(d) of the Local Rules of Practice for the United States District Court for the Southern District of California, I certify that I am an employee of FABIAN VANCOTT and that on this 23rd day of February, 2016, I did cause a true copy of **DEFENDANT JOHN MICHAEL PAULSON'S OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL CHRISTENSEN'S MOTION TO DISMISS** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System in this action.

By:  s/ Kevin N. Anderson
An Employee of
FABIAN VANCOTT

.

4842-5261-3678, v. 1

10

Case No: 15cv2057 AJB NLS
DEFENDANT J. MICHAEL PAULSON OPPOSITION TO CROSS-CLAIM DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS