JEREMY J. GRAY (SBN 150075)
*jgray@zuberlaw.com*
MICHELE M. DESOER (SBN 119667)
*mdesoer@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California  90017
Telephone: (213) 596-5620
Facsimile:  (213) 596-5621

Attorneys for Defendants and Cross-Defendants
Vikki E. Paulson and
Crystal L. Christensen

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, as the Executor or Statutory Executor of the Estate of Allen E. Paulson, and Individually;<br><br>JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson;<br><br>VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson Living Trust, and Individually;<br><br>CRYSTAL CHRISTENSEN, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually;<br><br>MADELEINE PICKENS, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as Trustee of the Madeleine Anne Paulson Separate Property Trust, and Individually,<br><br>Defendants. | CASE NO. 15CV2057 AJB NLS<br><br>**CROSS-DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L CHRISTENSEN'S REPLY BRIEF**<br><br>**DATE:   March 24, 2016**<br>**TIME:    2:00 P.M.**<br>**PLACE: Courtroom 3B**<br><br>Discovery Cutoff:  None Set<br>Motion Cutoff:      None Set<br>Trial Date:             None Set |

| | |
|---|---|
| 1 | JOHN MICHAEL PAULSON, |
| 2 | Cross-Claimant, |
| 3 | v. |
| 4 | MADELEINE PICKENS individually, and as the Statutory Executor of the |
| 5 | Estate of Allen E. Paulson, as the Trustee of the Marital Living Trust, as |
| 6 | the Trustee of the Madeleine Anne Paulson Separate Property Trust; THE |
| 7 | ESTATE OF ALLEN E. PAULSON; the ALLEN E. PAULSON LIVING |
| 8 | TRUST, |
| 9 | Cross-Defendant. |
| 10 | JOHN MICHAEL PAULSON, |
| 11 | Cross-Claimant, |
| 12 | v. |
| 13 | VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate |
| 14 | of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; |
| 15 | CRYSTAL CHRISTENSEN, individually, and as the Statutory |
| 16 | Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. |
| 17 | Paulson Living Trust; THE ESTATE OF ALLEN E. PAULSON; the ALLEN |
| 18 | E. PAULSON LIVING TRUST, |
| 19 | Cross-Defendants. |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS VIKKI PAULSON AND CRYSTAL CHRISTENSEN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS MICHAEL PAULSON'S CROSS-CLAIMS**

## I.

## INTRODUCTION

Michael Paulson's ("Michael") Opposition to Cross-Defendants Vikki Paulson ("Vikki") and Crystal Christensen's ("Crystal" and, collectively with Vikki, "Cross-Defendants") Motion to Dismiss (a) urges this Court to ignore the actual language of the *comprehensive release* Michael signed, and (b) seeks an interpretation of the narrow indemnity clause completely at odds with the provision's actual language. He also invites this Court to ignore the ample, judicially noticeable facts presented by Cross-Defendants that their interpretation of the release is consistent with the record of the proceedings in which the parties detailed their agreement and understanding in open court.

Michael supplies the Court with no legal basis for the Court to continue his action, let alone afford him leave to amend. First, Michael's claims against Cross-Defendants as Executors must fail because they are not Executors of the Estate, and he suggests no facts or legal authority to the contrary. [Doc. No. 51, *passim*.] Second, Michael utterly ignores the broad release that he both executed and acknowledged in open court and that provides that, "with respect to the Internal Revenue Service, the parties agree that they are all on their own" subject to a limited indemnity provision. [*Id*., *passim*.] Third, Michael ignores the express language of the 2013 Settlement Agreement's indemnity provision that was limited to actions arising *solely out of that agreement*. [*Id*., pp.7-8.]

Cross-Defendants respectfully request that the Court decline to follow Michael's suggestions and, instead, rely on the clear terms and conditions of the 2013 Settlement Agreement – as acknowledged in open court – and decline to apply the strained interpretation of the indemnity agreement Michael proposes.

# DISCUSSION

## A. Michael's Representation Of The Facts Is At Odds With The Record And Timing Of Events.

As a preliminary matter Cross-Defendants note that, in an effort to avoid his own responsibility, Michael makes ostensible factual assertions that are at odds with the record before this Court.

First, Michael suggests that the IRS withdrew the Section 6166 payment plan due to Cross-Defendants' failure to make payments in compliance with it. However, it was *Michael* who failed to make at least two years of payments *before* he was removed as Trustee due to the illiquidity that *he* caused.[1]

Second, although he ignores this fact, by the time the parties executed the 2013 Settlement Agreement, the I.R.S. already had withdrawn the Section 6166 payment plan, a fact of which Michael was well aware. His awareness of his own potential liability is evident by both his execution of the broad release in the agreement *and* his and his counsel's representations in court when the terms of the agreement were put on the record.

## B. Cross-Defendants' Motion Does *Not* Amount To An Effort To Avoid Their Tax Liability.

Michael asserts that the Cross-Defendants' motion amounts to "an attempt to avoid any responsibility for outstanding tax liability." [Doc. No. 51, p.4, ll.27-28.] This

---

[1] In fact, although the facts are not before the Court at this time, evidence in the underlying action will demonstrate that the supposed positive balance sheet of $13.5 million when Vikki became co-trustee in 2009 [Doc. No. 51, p.3, ll.24-25] resulted from Michael's misleading valuation of the SSBJ investment at $28.5 million – in excess of the amount allowed under the Trust – although it had absolutely no value. As of 2009, the Trust's obligations – including those owing to the I.R.S. – exceeded its assets. Even assuming, *arguendo*, that the SSBJ had *any* value on paper, it was utterly illiquid because there was no market for its intellectual property and, as Michael has acknowledged, would take approximately *one billion dollars* of investment to develop further.

ignores a fact that their motion will not affect their status as defendants in the principal lawsuit in this matter. The Government may choose from a variety of persons liable for an estate's tax obligations, including the Trustee who held the *assets ab initio* under 26 U.S.C. § 6324(a)(2) ("Section 6324(a)(2)"). Their Motion does seek to confirm that Michael released them from all but very limited liability and agreed to assume *his own* liability for the Trust's unpaid taxes based on *his* actions and inaction from 2000 through 2009, including the non-payment of estate tax installments while he was sole trustee as well as the distribution and misuse of assets in contravention of the Estate's obligations to the I.R.S.[2]

The 2013 Settlement Agreement confirmed Michael's responsibility for any tax claims by the I.R.S. The Motion seeks to hold Michael to these obligations and prevent him from avoiding his agreement.

### C.  Cross-Defendants Cannot Be Held Liable As Executors.

Although Michael disputes whether he remains the Executor and discharged his obligation to provide an accounting, his Opposition is devoid of any legal authority, or even potential factual allegations, that suggest that Cross-Defendants, or either of them, hold that title.[3]  [Doc. No. 50, p.6, l.10 – p.7, l.15.] To the contrary, he supplies no authority to contradict the provisions of California Probate Code section

---

[2]  Michael's reference to the Trust documents with regard to the Trustee's obligation to pay the estate taxes [Doc. No. 50, p.5, ll.23-25] is ironic. His actions in violation of the Trust's requirements, including the direction that estate taxes be paid before distributions, are what have placed the Trust in its current predicament.

[3]  Although not determinative of this Motion, and despite Michael's assertions otherwise, nothing in the California Probate Code requires that a court direct a resigning executor to provide an accounting, nor is this requirement limited to when the estate is being closed; to the contrary, this obligation arises as a statutory obligation upon resignation. *Compare* Doc. No. 50, p.7, ll.9-14 *with* Cal. Prob. Code § 10952. Section 10951 imposes a *separate* obligation on an executor for an accounting at the time of final distribution of the estate and is irrelevant.

8525(b) that imposes on him continuing liability until the appointment of a successor. Accordingly his claims cannot proceed against them in any supposed capacity as Executors of the Estate.

### D. The Broad Release Requires Dismissal Of The Cross-Complaint Because The Complaint Does Not Trigger The Limited Indemnity Provision.

Michael essentially ignores the broad release in the 2013 Settlement Agreement in which he, individually and as Trustee and Executor, released Cross-Defendants, individually and in their capacity as Trustees, from all claims that could be asserted for actions up to that time. [Doc. No. 50, *passim*.] He likewise urges this Court to ignore his counsel's representations to the Probate Court and his own sworn testimony in which he acknowledged and agreed with counsel's representations, specifically with regard to each party being responsible for any claims by the I.R.S. [*Id.*, p.6, n.4.]

He also does not point the Court to anything in the Complaint that suggests that the Government is seeking compensation based on the 2013 Settlement Agreement. *Id., passim*. To the contrary, as noted in Cross-Defendants' Motion, the United States expressly seeks to hold Michael liable *only* under Section 6324(a)(2) and 31 U.S.C. § 3713 ("Section 3713"). [Doc. No. 44-1 at p.15, l.18 to p.16, l.12; *see also* Doc. No. 1 at pp.20-21, ¶¶ 69-72.] In contrast, the government seeks to hold other defendants liable based on transfers made to them. [Doc. No. 44-1 at p.16, ll.12-17; *see also* Doc. No. 1 at Counts V and VII.]

Michael cannot avoid the fact that the limited indemnity provision requires Cross-Defendants to *only* indemnify him from claims "by the IRS, solely arising from this Settlement Agreement." Doc. No. 44-3 at p.13, ¶15.] This paragraph also disclaims any obligation by the Cross-Defendants to indemnify him for any claims "arising in whole or in part from Michael's own legally determined wrongful actions or wrongful conduct." *Id*. While the Complaint does not seek to hold Michael

liable for the 2013 transfers, it does reference actions taken by Michael as Trustee that rendered the trust illiquid and unable to pay its annual estate tax installments. [DOC.1, ¶¶32-36 & 43.]  Furthermore, the Court may take judicial notice of the fact that the Probate Court removed Michael as Trustee for wrongdoing under California Probate Code sections 15642(b)(1) & (5).

Either way, the allegations in the Complaint disclose nothing that would trigger the 2013 Settlement Agreement's indemnity provision.  As explained by California's Supreme Court,

> An express indemnity agreement "is construed under the same rules as govern the interpretation of other contracts. Effect is to be given to the parties' mutual intent [ ], as ascertained from the contract's language if it is clear and explicit." *Crawford v. Weather Shield Mfg. Inc.*, 44 Cal. 4th 541, 552 (2008). "[T]he parties have great freedom to allocate [ ] responsibilities [under an indemnity agreement] as they see fit." Id. at 551. Further, the contract's words are to be understood in their ordinary and popular sense. Id. at 552.

*Heatherly v. Ilinkhobby, Inc.*, No. 13-cv-03190-JSC, 2015 WL 6828118, at *4 (N.D. Cal. Nov. 6, 2015); *AE ex rel Hernandez v. Portillo*, No. CV F 09–2204 LJO DLB, 2011 WL 3740829, at *5 (E.D. Cal. Aug. 24, 2011) (same).

The 2013 Settlement Agreement is "clear and explicit" in that it is *only* triggered by an action by the Government arising under the agreement.  The express allegations in the Complaint indicate other bases for Michael's liability and, in contrast, include *no* allegations arising under the Settlement Agreement.

Accordingly, Michael cannot rely on the narrow indemnity clause to escape the broad release that he gave Cross-Defendants.  To the contrary, because the indemnity that Michael seeks is contrary to the express terms of the 2013 Settlement Agreement, Cross-Defendants shall seek their attorney fees incurred in connection with this matter pursuant to paragraph 27 of the agreement.  [Doc. No. 44-3, pp.19-20.]

/ / /

# CONCLUSION

Because the Complaint does not trigger the 2013 Settlement Agreement's limited indemnity provision there are no facts that can save Michael's Cross-Claims; in fact, although he seeks leave to amend, Michael suggests no facts that could cure this fundamental problem.  Accordingly, because any amendment would be futile, Cross-Defendants respectfully request that this Court dismiss Michael's Cross-Claims against them without leave to amend.

Dated: March 1, 2016                    Respectfully submitted:

                                        **ZUBER LAWLER & DEL DUCA LLP**
                                        JEREMY J. GRAY
                                        MICHELE M. DESOER

                               By: */s/Michele M. Desoer*
                                  Attorneys for Defendants and Cross-Defendants Vikki E. Paulson and Crystal L. Christensen

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017 USA.

On March 1, 2016, I served true copies of the following document(s) described as **REPLY BRIEF** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Zuber Lawler & Del Duca LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2016, at Los Angeles, California.

*s/Debbie J. Ellis*
Debbie J. Ellis

**SERVICE LIST**
**United States of America v. John Michael Paulson, et al.**
**Case No. 3:15-cv-02057-AJB-NLS**

| | |
|---|---|
| Andrew L. Sobotka<br>Moha P. Yepuri<br>U.S. Department of Justice<br>717 N. Harwood Street, Suite 400<br>Dallas, TX 75201<br>Tel: 880-9736/9767<br>Fax: 880-9741<br>Email: Andrew.L.Sobotka@usdoj.gov<br>　　　　Moha.P.Yepuri@usdoj.gov<br>Attorneys for Plaintiff United States of America | Joshua R. Mandell<br>Akerman LLP<br>725 South Figueroa Street, 38th Floor<br>Los Angeles, CA 90017<br>Tel: 213-688-9500<br>Fax: 213-627-6342<br>Email: joshua.mandell@akerman.com<br>Attorneys for Defendant Madeleine Pickens |
| Donald N. David<br>Akerman LLP<br>666 Fifth Avenue, 20th Floor<br>New York, NY 10103<br>Tel: 212-880-3800<br>Fax: 212-880-8965<br>Email: donald.david@akerman.com<br>Attorneys for Defendant Madeleine Pickens | Glen A. Stankee<br>Jason Oletsky<br>Akerman LLP<br>350 East Las Olas Boulevard, Suite 1600<br>Ft. Lauderdale, FL Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel: 954-463-2700<br>Fax: 954-463-2224<br>Email: glen.stankee@akerman.com<br>　　　　jason.oletsky@akerman.com<br>Attorneys for Defendant Madeleine Pickens |
| Kevin N. Anderson<br>Fabian Vancott<br>601 South 10th Street<br>Suite 204<br>Las Vegas, NV 89101<br>Tel: 801-323-2225<br>Email: KAnderson@fabianvancott.com<br>Pro Hac Vice Attorney for Defendant John Michael Paulson | Philip D. Dracht<br>Fabian Vancott<br>15 W. Carillo Street<br>San Barbara, CA 93101<br>Tel: 805-699-6139<br>Email: pdracht@fabianvancott.com<br>Attorney for Defendant John Michael Paulson |
| James D. Paulson<br>20600 Ventura Boulevard<br>#1632<br>Woodland Hills, CA 912264<br>Tel:<br>Fax: 818-438-4362<br>Email: jdpaulson_2000@yahoo.com<br>In Pro Per<br>**Via U.S. Mail Only** | |