# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, as the Executor or Statutory Executor of the Estate of Allen E. Paulson, and Individually; JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of Allen E. Paulson Living Trust, and Individually; CRYSTAL CHRISTENSEN, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; MADELEINE PICKENS, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as Trustee of the Madeleine Anne Paulson Separate Property Trust, and Individually,<br><br>                    Defendants. | Case No.: 15cv2057-AJB-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS VIKKI E. PAULSON AND CRYSTAL L. CHRISTENSEN'S MOTION TO DISMISS CROSS-CLAIMANT MADELEINE PICKENS'S CROSS-CLAIMS** |

| | |
|---|---|
| MADELEINE PICKENS, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as Trustee of the Madeleine Anne Paulson Separate Property Trust, and Individually, | |
| Cross-claimant, | |
| v. | |
| JAMES D. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually; and CRYSTAL CHRISTENSEN, as Statutory Executor of the Estate of Allen E. Paulson, as Trustee of the Allen E. Paulson Living Trust, and Individually, | |
| Cross Defendants. | |

On September 16, 2015, the United States of America instituted an action to recover unpaid estate taxes, penalties, and interest from the Estate of Allen E. Paulson. (Doc. No. 1.) Presently before the Court is Vikki Paulson and Crystal Christensen's (collectively referred to as "Cross Defendants") motion to dismiss Madeleine Pickens's ("Ms. Pickens") first amended cross-claims. (Doc. No. 63.) Having reviewed the parties' arguments, the Court found this motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. For the reasons set forth more fully below, the Court **GRANTS** Cross Defendants' request for judicial notice and **GRANTS IN PART** and **DENIES IN PART** Cross Defendants' motion to dismiss Ms. Pickens's amended cross-claims.

///

///

# I. FACTUAL BACKGROUND[1]

As the Court is already well-versed as to the alleged facts in this case, for the sake of brevity, the Court will only provide a brief summary of the events leading up to the institution of this action.

On December 23, 1986, Allen Paulson ("Mr. Paulson") established the Allen E. Paulson Living Trust (hereafter referred to as "the Living Trust"). (Doc. No. 76 ¶ 6.) On July 19, 2000, Mr. Paulson died. (*Id.* ¶ 9.) Mr. Paulson was survived by several heirs, including his wife, Ms. Pickens, his three sons, Richard Paulson, James Paulson, and Michael Paulson, and a granddaughter Crystal Christensen.[2] (*Id.* ¶ 10.) At the time of Mr. Paulson's death, the Living Trust held all of Mr. Paulson's assets including real estate valued at $24,764,500, stocks and bonds valued at $113,761,706, cash and receivables valued at $23,664,644, and miscellaneous assets valued at $31,243,494. (*Id.* ¶ 16.)

In 2003, Ms. Pickens entered into a settlement agreement with Michael Paulson individually, and as co-trustee of the Living Trust (hereafter referred to as the "2003 Settlement"). (*Id.* ¶ 19.) The 2003 Settlement was meant to resolve prolonged litigation regarding Ms. Pickens's right to certain properties pursuant to the Living Trust and the Antenuptial Agreement, which Michael Paulson refused to transfer to her.[3] (*Id.* ¶¶ 19, 20.) Specifically, the 2003 Settlement provides that Ms. Pickens is entitled to receive those trust properties free and clear of any liabilities for estate tax. (*Id.* ¶ 21.) Furthermore, Ms. Pickens alleges that until she receives all of the trust property to which she is entitled under the 2003 Agreement free of any estate taxes, her interest in the Living Trust continues. (*Id.* ¶ 41.)

After Mr. Paulson's death, Michael Paulson and Edward White were the first trustees appointed to serve as co-executors of the Living Trust. (*Id.* ¶ 15.) On March 24, 2009, the

---

[1] The following facts are taken from the cross-claim and construed as true for the limited purpose of resolving the pending motion. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

[2] Vikki Paulson is one of the Cross Defendants in the present matter and is the wife of Richard Paulson. (Doc. No. 76 ¶ 10.)

[3] According to the tax court decision, all of the transfers to Ms. Pickens qualified for the marital deduction. (*Id.* ¶ 29.)

Probate Court removed Michael Paulson as co-trustee of the Living Trust for misconduct and gross mismanagement of the Living Trust's assets. (*Id.* ¶ 31.) The court then appointed Vikki Paulson and James D. Paulson as co-trustees. (*Id.* ¶ 32.) In April of 2009, the net value of the assets of the Living Trust totaled $13,738,727. (*Id.*) On June 10, 2010, James D. Paulson was removed as co-trustee for breach of court orders. (*Id.* ¶ 33.) Vikki E. Paulson thus served as the sole trustee of the Living Trust until February 28, 2011, when Crystal Christensen was appointed to serve as co-trustee with her. (*Id.*) The net value of the assets of the Living Trust in 2011 totaled $8,802,034. (*Id.*)

On January 16, 2005, the IRS determined there existed a deficiency in estate tax in the amount of $37,801,245. (*Id.* ¶ 28.) On December 2, 2005, the IRS and Michael Paulson agreed upon an estate tax deficiency in the amount of $6,699,477. (*Id.* ¶ 29.)

On January 15, 2013, Cross Defendants, as co-trustees of the Living Trust, entered into a settlement agreement with Michael Paulson to which they distributed substantially all of the remaining assets of the Living Trust to Michael Paulson free of any encumbrances. (*Id.* ¶ 37.) Ms. Pickens claims that the Living Trust still has properties that could be applied to reduce the outstanding balance of the estate tax. (*Id.* ¶ 38.) However, Cross Defendants allegedly continue to refuse to apply such properties to the payment of estate tax. (*Id.*)

In sum, Ms. Pickens alleges that pursuant to California Probate Code §§ 16000-16015, James Paulson, and Cross Defendants had a duty to administer the Living Trust according to its terms, to act impartially in investing, to refrain from using or dealing with the property of the Living Trust for his or her own profit, and to take reasonable steps to control and preserve the property of the Living Trust for the benefit of all beneficiaries. (*Id.* ¶ 46.) However, Ms. Pickens claims Cross Defendants breached their fiduciary duties to Ms. Pickens by failing to pay the estate tax from the Living Trust, and by distributing the remaining properties of the Living Trust to Michael Paulson, thereby wrongfully subjecting Ms. Pickens to liabilities for estate tax. (*Id.* ¶¶ 47-48.)

///

///

## II. PROCEDURAL BACKGROUND

On September 16, 2015, the United States of America filed a complaint against John Michael Paulson, James D. Paulson, Cross Defendants, and Madeleine Pickens for unpaid taxes. (*See generally* Doc. No. 1.) On September 20, 2016, Ms. Pickens filed a cross-claim against Cross Defendants and James Paulson. (Doc. No. 55.) On October 14, 2016, Cross Defendants filed a motion to dismiss, (Doc. No. 63), which was granted in part and denied in part on January 4, 2017. (Doc. No. 75.) On January 18, 2017, Ms. Pickens filed her first amended cross-claim ("ACC"). (Doc. No. 76.) On February 1, 2017, Cross Defendants filed the present motion, its second motion to dismiss. (Doc. No. 77.)

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

## IV. DISCUSSION

### A. Judicial Notice

As an initial matter, Cross Defendants ask the Court to take judicial notice of the 2003 Settlement in support of their motion to dismiss. (Doc. No. 77-2.) Federal Rule of Evidence 201 allows a court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b)(2); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Additionally, a court may take judicial notice of a document on a motion to dismiss pursuant to Rule 12(b)(6), if the unattached document is "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

The Court notes that it has already taken judicial notice of the 2003 Settlement in its previous Order dated January 4, 2017. (Doc. No. 75 at 7.) In addition, the Court again finds the 2003 Settlement to be central to the present matter, and that neither party disputes the authenticity nor opposes the use of the 2003 Settlement. As a result, the Court **GRANTS** Cross Defendants' request for judicial notice. *See Tekle v. United States*, No. CV 01-11096 RSWL EX., 2002 WL 1988178, at *3 (C.D. Cal. Apr. 30, 2002) (holding that a court may take judicial notice of a prior complaint with exhibits).

### B. Ms. Pickens's Allegedly Inconsistent Allegations

Next, both parties dispute whether or not the factual allegations in the ACC are consistent with the terms of Ms. Pickens's previous cross-claim and the 2003 Settlement. (Doc. No. 77-1 at 13; Doc. No. 79 at 7.) Cross Defendants contend that Ms. Pickens's breach of fiduciary duty claim should be dismissed as the new allegations in the ACC are irreconcilably inconsistent with her prior pleading, and the express language of the 2003 Settlement. (Doc. No. 77-1 at 8.) In opposition, Ms. Pickens asserts that the initial cross-claim and the current operative cross-claim are not inconsistent, as she is only re-stating her principal and alternate legal positions. (Doc. No. 79 at 7.)

At issue is Ms. Pickens's assumption that the distributions she received from the 2003 Settlement will only constitute full and complete satisfaction of any and all rights she has under the Living Trust if she is not required to pay any estate tax and is true only if she is not required to pay any estate tax. (Doc. No. 76 ¶ 22.) After reviewing Ms. Pickens's ACC in conjunction with the initial cross-claim, the Court finds that the allegedly new allegations do not contradict Plaintiff's prior pleading. In Ms. Pickens's initial cross-claims she argues that: (1) Cross Defendants owed fiduciary duties to Ms. Pickens; (2) Cross Defendants breached those duties when failing to apply the assets of the Living Trust to pay the estate taxes; and (3) if Ms. Pickens is ultimately held liable for unpaid estate tax it will be due to Cross Defendants' breach of their fiduciary duties to her. (Doc. No. 55 ¶¶ 40-57.) The Court finds that these allegations closely mimic the contentions pled in the ACC, but are simply expressed in a different manner.

Moreover, the Court notes that it finds that Cross Defendants have misunderstood the law. Referring to a case cited by Cross Defendants in their motion to dismiss, the Ninth Circuit's decision in *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007) accepts that "parties are often uncertain about the facts" when they file their complaint, but "[a]s the litigation progresses, and each party learns more about its case and that of its opponents, some allegations fall by the wayside as legally or factually unsupported." *Id.* at 858–59. Thus, the court in *PAE* concluded that the presence of inconsistent allegations is accepted as part of litigation. *Id.* at 859. Accordingly, the Court disagrees with Cross Defendants and declines to disregard the allegedly new assumptions present in Ms. Pickens's ACC.

C. Cross-Defendants' Motion to Dismiss

Cross Defendants argue that Ms. Pickens's breach of fiduciary duty claim fails as a matter of law because no fiduciary duty is owed to Ms. Pickens, and Ms. Pickens has again failed to allege damages. (Doc. No. 77-1 at 17-22.) In addition, Cross Defendants renew their motion to dismiss Ms. Pickens's indemnity claims to the extent they seek any recovery from Cross Defendants in their individual capacity. (*Id.* at 23.)

7

In direct opposition, Ms. Pickens alleges that she did not release Cross Defendants from their fiduciary duty, Cross Defendants continue to owe Ms. Pickens a fiduciary duty to pay estate tax, and that Ms. Pickens has alleged damages as a proximate result of Cross Defendants' alleged breach. (Doc. No. 79 at 11-19.) Furthermore, Ms. Pickens contends that Cross Defendants do not contest the validity of her claims under the indemnity provision of the 2003 Settlement, as she is only seeking liability against Cross Defendants in their representative capacity. (*Id.* at 6.)

### i. Breach of Fiduciary Duty

Cross Defendants ask the Court to dismiss Ms. Pickens's ACC with prejudice. Cross Defendants predicate their request on the fact that Ms. Pickens is still unable to successfully plead the first and third elements of a claim for breach of fiduciary duty. (Doc. No. 77-1 at 20-22.) The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. *See Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). "The absence of any one of these elements is fatal to the cause of action." *Id*.

First, the Court concludes that even drawing all reasonable inferences in Ms. Pickens's favor, she has again failed to jump the first hurdle in establishing a breach of fiduciary duty, i.e. the existence of a fiduciary duty. The crux of Ms. Pickens's argument is that until she receives the 2003 Settlement properties free and clear of any estate taxes, she is still a beneficiary of the Living Trust. (Doc. No. 79 at 14.) However, though the Court agrees that Section 21 of the 2003 Settlement clearly states that Ms. Pickens will have no liability for the payment of estate taxes, the Court is still unsure of how Ms. Pickens is owed a fiduciary duty when Section 6 of the 2003 Settlement confirms that the distribution of assets under the agreement constitutes "full and complete satisfaction of <u>any and all rights</u> [Ms. Pickens] has to the distribution of assets under <u>the Trust</u>." (Doc. No. 77-3 at 27) (emphasis added).

Ms. Pickens argues that she only agreed to the release in section 6 under the assumption that she would not be required to pay any estate tax and that section 6 is only true if she is not required to pay any estate tax. (Doc. No. 76 ¶ 22.) However, the Court is

8

unable to find a provision in the 2003 Settlement that repeats this assertion. *See In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) ("Under the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the [document] in its entirety.'"); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss . . . and the Court [is] free to refer to any of its contents."). Thus, reviewing Ms. Pickens's allegations in conjunction with the 2003 Settlement, the Court concludes that Ms. Pickens has failed to allege facts to establish the existence of a fiduciary duty.

Second, the Court notes that Ms. Pickens's breach of fiduciary claim still suffers from the same glaring oversight present in her initial cross-claim. As currently pled, the ACC again fails to assert any actual damages from the alleged breach of fiduciary duty. Ms. Pickens asserts that she has pled damages as a "proximate result" and that Federal Rule of Civil Procedure ("FRCP") 13 provides that a cross-claim may assert a claim that a coparty "may be liable" to the cross-claimant. (Doc. No. 79 at 16.) In opposition, Cross Defendants argue that Ms. Pickens must plead actual suffered damages to sustain a motion to dismiss. (Doc. No. 77-1 at 21-22.)

Based on the allegations present in Ms. Pickens's ACC, the Court finds that Ms. Pickens has only alleged theoretical future damages that are dependent on how the underlying complaint with the United States of America is decided. However, whereas here, damages are an element of the cause of action, the cause of action "does not accrue until the damages have been sustained." *See Thomson v. Canyon*, 198 Cal. App. 4th 594, 604 (2011) ("Mere threat of future harm, not yet realized, is not enough."); *see also Hasso v. Hapke*, 227 Cal. App. 4th 107, 152 (2014) ("In order to prevail on his cause of action for breach of fiduciary duty, Hasso had the *burden to prove the existence of* . . . damages proximately caused by the breach.") (emphasis added); *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1508–12 (2008) (noting that as all of the damages plaintiff alleged were potential, speculative, and dependent on the outcome of the liquidation of the

9

recovery proceeds, the court found that plaintiff did not plead a cause of action for breach of fiduciary duty).

In light of the undisputable holdings in cases from this district, the Court concludes that Plaintiff's alleged damages are not enough to withstand Cross Defendants' motion to dismiss. Therefore, based on the above, the Court finds that Ms. Pickens has failed to plead both the existence of a fiduciary duty and damages. Accordingly, Ms. Pickens's breach of fiduciary duty cause of action is **DISMISSED**.

### ii. Indemnity Agreement

Cross Defendants argue that the indemnity causes of action should also be dismissed to the extent that they are alleged against Cross Defendants as individuals. (Doc. No. 77-1 at 23.) Ms. Pickens alleges that she has made clear that she is asserting liability against Cross Defendants for indemnity only in their representative capacities. (Doc. No. 79 at 6-7.)

Looking to the ACC, Ms. Pickens alleges that the term "Co-Trustees" includes any "successor of Michael Paulson in his or her capacity as Co-Trustee of the Living Trust, and any other person appointed to serve as Co-Trustee." (Doc. No. 76 ¶ 26.) The ACC continues to state that pursuant to section 39, "every obligation imposed by the 2003 Settlement Agreement on Michael Paulson, in his <u>capacity as Co-Trustee of the Living Trust</u>, is binding upon his successor." (*Id.* ¶ 27) (emphasis added.) Moreover, the 2003 Settlement clearly states that as Cross Defendants were ordered to serve as successor trustees of the Living Trust, per section 39, they are considered successors to the 2003 Settlement, and are thus bound by the indemnification provisions of the 2003 Settlement. (*Id.* ¶ 33.) Furthermore, the Court finds that the ACC makes no reference and does not attempt to hold Cross Defendants personally liable for the damages Ms. Pickens's allegedly sustained. Accordingly, Cross Defendants' motion to dismiss Ms. Pickens's indemnity cause of action is **DENIED**.

### D. Leave to Amend

The Court now has to balance whether Ms. Pickens should be granted leave to amend. Cross Defendants request that Ms. Pickens's claims be dismissed with prejudice.

However, the Court notes that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). Here, Ms. Pickens has only been allowed one chance to amend. Thus, in the Court's discretion, the Court will grant Ms. Pickens a second chance to amend her cross-claim. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Consequently, Cross Defendants' request that Ms. Pickens's claims be dismissed with prejudice is **DENIED**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Cross Defendants' motion to dismiss Ms. Pickens's claims for breach of fiduciary duty **WITHOUT PREJUDICE**, and **DENIES** Cross Defendants' motion to dismiss Ms. Pickens's claim for indemnity. If Ms. Pickens may plausibly allege additional facts to cure the deficiencies noted herein, she may file a second amended cross-claim within **fourteen (14) days** of the date of this order. Cross Defendants are otherwise ordered to file an answer to the cross-claim, as applicable, within fourteen (14) days of the date of this order or within fourteen (14) days of a second amended cross-claim being filed, whichever is later.

**IT IS SO ORDERED**.

Dated: April 11, 2017

Hon. Anthony J. Battaglia
United States District Judge