UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, et al.,<br><br>                            Defendants. | Case No.: 15-cv-2057 AJB (NLS)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT**<br><br>(Doc. No. 174) |

      Presently before the Court is Defendants Vikki E. Paulson and Crystal Christensen's (collectively referred to as "Defendants") ex parte application for a motion for reconsideration of the Court's order granting summary judgment. (Doc. No. 174.) As explained below, the Court **DENIES** Defendants' ex parte application.

## **BACKGROUND**

      On September 16, 2015, the United States of America instituted an action to recover unpaid estate taxes, penalties, and interest from the Estate of Allen E. Paulson. (Doc. No. 1.) On February 20, 2018, multiple motions for summary judgment were filed. Relevant for the purposes of this instant ex parte application is Plaintiff's motion for summary judgment against Defendants. (Doc. No. 123.) On September 7, 2018, the Court granted in

part and denied in part Plaintiff's motion for summary judgment. (Doc. No. 172.) On October 9, 2018, Defendants filed the present matter, their ex parte application for reconsideration. (Doc. No. 174.) This Order follows.

## **LEGAL STANDARD**

Pursuant to FRCP 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsections of Rule 60(b) must be brought within a year, but a motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Additionally, it provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." A court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Norris*, 331 F.3d 1041,

2

1046 (9th Cir. 2003); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 2001).

## DISCUSSION

Defendants seek reconsideration of the Court's Order partially granting the Government's motion for summary judgment. (Doc. No. 174-1 at 1.)

First, Defendants cite no authority to support their construction of Section 19001. Nor do Defendants provide any authority that challenges the Court's construction of Section 19001. Second, Defendants simply re-allege their same arguments that they presented in their Opposition to Plaintiff's motion for summary judgment. (*See generally* Doc. No. 138.) Defendants have failed to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1.

Further, Defendants allege that the Court engaged in erroneous analysis by implying legislative intent. (Doc. No. 174-1 at 8–10.) The Court was not implying legislative intent in its Order. Rather, the Court was commenting on the reasonableness, or lack thereof, of Defendants' interpretation of Section 19001. Accordingly, the Court **DENIES** Defendants' ex parte application.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' ex parte application for reconsideration. *See Navajo Nation*, 331 F.3d at 1046 ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

**IT IS SO ORDERED**.

Dated: November 13, 2018

Hon. Anthony J. Battaglia
United States District Judge