Philip D. Dracht, CA State Bar No. 219044
Fabian VanCott
15 W. Carillo St.
Santa Barbara, CA 93101
Telephone: 801-323-2251
Email: PDracht@fabianvancott.com

Kevin N. Anderson, UT State Bar No. A0100, *admitted Pro Hac Vice*
Fabian VanCott
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: 801-323-2225
Email: KAnderson@fabianvancott.com

*Attorneys for Defendant John Michael Paulson*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MICHAEL PAULSON, individually, and as the Executor or Statutory Executor of the Estate of Allen E. Paulson; JAMES D. PAULSON, as the Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; MADELEINE PICKENS individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as the Trustee of the Madeleine Anne Paulson Separate Property Trust;<br><br>　　　　Defendants. | Case No.: 3:15-cv-02057-AJB-NLS<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S AND DEFENDANT JOHN MICHAEL PAULSON'S STIPULATED STATEMENT OF FACTS RE 26 U.S.C. § 2204 DISCHARGE ISSUE**<br><br>DATE: _____<br><br>TIME: _____<br><br>COURTROOM 4A<br><br>Honorable Judge Anthony J. Battaglia |

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

| | |
|---|---|
| 1 | JOHN MICHAEL PAULSON, |
| 2 | Cross claimant, |
| 3 | v. |
| 4 | |
| 5 | JAMES D. PAULSON, as the Statutory Executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; CRYSTAL CHRISTENSEN, individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Allen E. Paulson Living Trust; MADELEINE PICKENS individually, and as the Statutory Executor of the Estate of Allen E. Paulson, as the Trustee of the Marital Trust created under the Allen E. Paulson Living Trust, as the Trustee of the Madeleine Anne Paulson Separate Property Trust; |
| 15 | Cross defendants. |

Plaintiff United States of America, by and through its attorneys and Defendant John Michael Paulson ("Michael Paulson"), by and through his attorneys Fabian VanCott, stipulate and agree to the following statement of facts regarding the remaining issue of whether Defendant John Michael Paulson requested, and is therefore entitled to a discharge of personal liability under 26 U.S.C. § 2204 for his liability under 26 U.S.C. § 6324(a)(2) as a Trustee of the Allen E. Paulson Living Trust.

1. On December 23, 1986, Mr. Allen E. Paulson established the Allen E. Paulson Living Trust. Gov. Ex. 1 [ECF No. 111-2] (Deposition of John Michael Paulson, hereafter "JMP Depo") 21-22, ln 24 – 5; Gov. Ex. 2 [ECF No. 111-4] (Ex. 4 to JMP Depo). On January 28, 2000, it was amended and completely

2

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

restated.  (The Allen E. Paulson Living Trust, as amended and restated above, is hereafter referred to as the "Living Trust").  *Id.*

2. Three subsequent amendments to the Living Trust were executed on March 21, 2000, June 6, 2000, and June 14, 2000.  Gov. Ex. 1 [ECF No. 111-2], 24-25, ln 14-4; 26-27, ln 16-5; 29, ln 7-23; Gov. Ex. 5 [ECF No. 111-7] (Exs. 5, 6, 7 to JMP Depo).

3. Article IV, Paragraphs A and B, of the Living Trust required the Living Trust to pay all estate taxes owed by the Estate of Mr. Allen E. Paulson.  Gov. Ex. 2 [ECF No. 111-4] at DOJ-52, DOJ-53.  Additionally, under California Probate Code Section 19001, the Living Trust was obligated to pay all claims of creditors of the Estate and expenses of administration of the Estate to the extent the Estate was inadequate to satisfy those claims.

4. On March 21, 2000, Mr. Allen E. Paulson executed his Last Will and Testament.  Gov. Ex. 1 [ECF No. 111-2], 13-14, ln 25–24; Gov. Ex. 6 [ECF No. 111-8] (Ex. 1 to JMP Depo).

5. On June 6, 2000, Mr. Allen E. Paulson executed a First Codicil to his Last Will and Testament.  Gov. Ex. 1 [ECF No. 111-2], 15, ln 9–22; Gov. Ex. 7 [ECF No. 111-9] (Ex. 2 to JMP Depo).

6. On July 19, 2000, Mr. Allen E. Paulson died.

7. Mr. Allen E. Paulson's Will was filed the Probate Court.  Michael Paulson and Edward White were appointed and served as Co-Executors of the Estate until Edward White's resignation effective October 8, 2001.  Thereafter, Michael Paulson served as a court appointed Executor until January 15, 2013 and ceased performing those duties as part of the 2013 Settlement Agreement with the Co-Trustees.  (Gov. Ex. 29 [ECF No. 111-31] to United States' Motion.)  In its Order granting in part and denying in part various motions and cross-motions for summary judgment, the Court determined that because there was no executor appointed by the probate court after Michael Paulson's attempted resignation in

3

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

2013, Michael Paulson is still the "statutory" executor, but not personally liable for any estate tax in that capacity. (Order [ECF No. 172] at 13-16.)

8. At the time of Mr. Allen E. Paulson's death, the Living Trust held all of Mr. Allen E. Paulson's assets except for 100% of the shares in the Gold River Hotel & Casino Corporation (hereafter Gold River shares). Gov. Ex. 1 [ECF No. 111-2], 36, ln 2–8; 41-42, ln 4-12; Gov. Ex. 8 [ECF No. 111-10] at DOJ-137 (Ex. 8 to JMP Depo), which were valued at $0. (Gov. Ex. 8 [ECF No. 111-10] at DOJ-125.)[1] The Living Trust's assets included real estate, stocks, bonds, cash, receivables and miscellaneous assets valued on the date of Mr. Allen E. Paulson's death at $193,434,344. Gov. Ex. 8 [ECF No. 111-10] at DOJ-137, DOJ-119. As set forth in the Form 706, the deductions[2] totaled $178,495,454.

9. Following Mr. Allen E. Paulson's death, Michael Paulson and Edward White became co-trustees of the Living Trust until White's resignation effective October 8, 2001. Gov. Ex. 1 [ECF No. 111-2], 19-20 ln 16–17; Gov. Ex. 10 [ECF No. 111-12] at DOJ-229.

10. On October 11, 2001, Nicholas V. Diaco, M.D. consented to act as co-trustee of the Living Trust with Michael Paulson. Gov. Ex. 10 [ECF No. 111-12] at DOJ-229. Michael Paulson only served as trustee of the Living Trust until March 24, 2009, when he was removed. (United States' Answer to Co-Trustees' Second Set of Interrogatories, Answer No. 28, Ex. 1 to Michael Paulson's Response in Opposition to U.S. Motion for Summary Judgment; United States Response to Pickens Requests for Admission, Request No. 108, Ex. 2 to

---

[1] IRS proposed to increase the value of Gold River shares on Schedule B to $5,380,000 in its Notice of Deficiency. Gov. Ex. 9 [ECF No. 111-11] at DOJ-246. This increase was later abandoned as part of the Tax Court decision with a corresponding decrease in the Schedule L deductible debts or expenses related to Gold River. Gov. Ex. 20 [ECF No. 111-22] at DOJ-258.

[2] These include items set forth in Schedules J and L (expenses incurred in administering property); Schedule K (debts, mortgages and liens); and Schedule M (bequests to surviving spouse). Gov. Ex. 8 [ECF No. 111-10] at DOJ-119.

4

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

Michael Paulson's Response in Opposition to U.S. Motion for Summary Judgment [ECF No. 134-3].)

11. After an extension of time to file the return, on October 23, 2001, the IRS received the Estate's Form 706 Estate Tax Return. Gov. Ex. 8 [ECF No. 111-10] at DOJ-117. The return was signed by Michael Paulson as Co-Executor. *Id*. The Estate paid $706,296 concurrently with its filing of the Estate Tax Return. The Estate elected to defer the payment of the balance of its estate taxes under Section 6166 of the Internal Revenue Code over the next 15 years. Gov. Ex. 1 [ECF No. 111-3], 36, ln 2-8; 38-39, ln 4-6; Gov. Ex. 8 [ECF No. 111-10] at DOJ-137. Although the original amount of estate tax shown due on the Estate Tax Return has been paid, the additional assessment of estate tax made by the IRS in 2006 remains unpaid.

12. At the same time he filed the Estate Tax Return with the IRS, Michael Paulson filed a cover letter with the Return and also filed a letter dated October 19, 2001 requesting a discharge under 26 U.S.C. § 2204. Copies of these letters and the Form 706 Estate Tax Return and related schedules (but not the supporting exhibits filed with that Return) were previously marked and filed with the Court as Gov. Ex. 8 [ECF No. 111-10] and are attached to this stipulation as Gov. Ex. 8.

13. The entire Estate Tax Return was voluminous and consisted of several boxes of forms, schedules and supporting attachments. Schedule G of the Estate's tax return, Form 706, stated:

> The Allen E. Paulson Living Trust established by Declaration of Trust dated December 23, 1986, was amended and completely restated January 28, 2000. Amendments thereto were executed on March 21, 2000, June 6, 2000 and June 14, 2000. An Order Construing Trust and Determining Validity of Trust Provision was entered in Superior Court of California, San Diego County, in trust proceeding PN 24815 dated September 22, 2000. During Allen Paulson's lifetime, he served as Trustee. After his death, John Michael Paulson and Edward White served as Co-Trustees. Subsequently, Edward White resigned and Nicholas Diaco was appointed Successor Trustee to serve with John Michael Paulson Successor Trustee. The Trust's taxpayer identification number is [redacted]. A copy of the Amended and

5

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant John Michael Paulson's Stipulated Statement of Facts re 26 U.S.C. § 2204 Discharge Issue

        Restated Allen E. Paulson Living Trust, each of the three amendments, and the aforesaid court Order, are attached as Exhibit 35.

(Ex. 8 to United States' Motion, ECF No. 111-10 at DOJ-137.)

    14.    The IRS acknowledged receipt of the Section 2204 discharge request, but never responded to it. ([ECF No. 119-6] Ex. 4, United States' Answer to Co-Trustees' Interrogatory No. 38.)

    15.    If called to testify, Jeffrey M. Loeb would testify that the October 19, 2001 letters and attachments were prepared for signature of Michael Paulson under the supervision of Jeffrey M. Loeb and at his direction by a paralegal employed by the law firm Loeb & Loeb LLP, and that he was authorized to act as the Estate's representative before the IRS, and to make written or oral presentations on behalf of the Estate pursuant to 26 CFR § 601.504(b)(2)(ii). (*See* Ex. 8 to United States' Motion, ECF No. 111-10 at DOJ-000118.)

    16.    If called to testify, Mr. Loeb would testify that the letter was prepared based upon a Loeb & Loeb form document, the purpose of which is to begin the nine-month time period within which the IRS has to issue a notification of the estate tax due or suffer the consequence of losing the right to impose personal liability upon persons acting in any and all fiduciary roles at the time the letter is sent. Mr. Loeb would testify that the reference to "fiduciaries" in the subject line of the letter reflects accurately this scope of the letter's intended coverage. The use of the term "Co-Executor" was meant to identify Michael Paulson's title in a manner consistent with his title appearing on the federal estate tax return; it was not meant to limit the scope of the term "fiduciaries" appearing on the subject line of the letter. It was (and remains) his belief that such a letter operates to discharge an executor/trustee such as Michael Paulson both in his capacity as a co-executor and as a trustee. In such circumstances, it was not (and still is not) his practice to submit two separate discharge requests.

6

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant John Michael Paulson's Stipulated Statement of Facts re 26 U.S.C. § 2204 Discharge Issue

17. Schedule G of the Estate's tax return, Form 706, stated: "All assets reported on this return are assets of the above-described Allen E. Paulson Living Trust", except for the Gold River shares (Gov. Ex. 8 [ECF No. 111-10] at DOJ-137), which shares were valued at $0. (*Id.* at DOJ-125.)

18. Neither Edward White nor Nicholas Diaco ever signed any request seeking to invoke the provisions of 26 U.S.C. § 2204 request a discharge personal liability.

19. The IRS has not sought to hold either Edward White or Nicholas Diaco personally liable as past trustees of the Living Trust for any estate tax deficiency.

20. On February 2, 2003, Michael Paulson entered into a Settlement Agreement and Mutual General Release in his capacities as an individual, Executor of the Will of Allen E. Paulson, and a Co-Trustee of the Living Trust with Madeleine Pickens and others. Michael Paulson signed this 2003 Settlement Agreement on behalf of three different persons/entities and signed in each of these three different capacities. He signed "J. Michael Paulson" in his individual capacity, as a beneficiary. He also signed in a different location, "J. Michael Paulson, Executor" for the Estate of Allen E. Paulson, and he again signed in a third location, "J. Michael Paulson, Co-Trustee" for the Living Trust. Gov. Ex. 12 at DOJ-182-184, DOJ-198, DOJ-217. A copy of the February 2003 Settlement Agreement was previously marked and filed with the Court as Gov. Ex. 12 [ECF No. 111-14] and is attached to this stipulation as Gov. Ex. 12.

21. On December 2, 2005, as a result of an IRS audit and a challenge by Michael Paulson as Executor of the Estate, the Tax Court (Dkt. No. 1217-05) determined pursuant to the parties' stipulation, that $6,669,477 of additional estate tax was owed by the Estate. Gov. Ex. 19. The Estate elected to pay this additional estate tax liability under the same fifteen-year installment period permitted by 26 U.S.C. § 6166. [ECF 111-1 ¶ 28]

7

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

22. On January 30, 2006, the IRS assessed the $6,669,477 of additional estate taxes due from the Estate. Gov. Ex. 11, Form 4340 at DOJ-269. These additional taxes were subject to being paid under the existing Section 6166 installment election.

23. While Trustee of the Living Trust, Michael Paulson prepared a number of reports to the state court listing out assets sufficient to pay the taxes, including the final report dated February 2009, which listed $50,035.577 in assets, just over $19 million in assets if the Supersonic Jet project and the Rand receivable were not included. [ECF 122-1, ¶ 15]. Gov. Ex. 1, 184-188, ln 12-24.

24. On March 24, 2009, the Probate Court removed Michael Paulson as Trustee of the Living Trust and appointed Vikki Paulson and James D. Paulson as Co-Trustees. [ECF 111-23]. Gov. Ex. 21.

25. At the time of Michael Paulson's removal as Trustee in March of 2009, there had been no default in the installment payments to the IRS. However, the April 19, 2008 payment had not been made and was instead on a one year extension to April 19, 2009. At that time there were still sufficient assets to pay the Section 6166 installments over the remainder of the 15 year period. Gov. Ex. 1 [ECF No. 111-3], 119-123, ln 25-25.

26. On May 7, 2010, in response to one or more missed installment payments, the IRS issued the Estate a Notice of Final Determination as provided in I.R.C. § 7479 that Extension of Time for Payment under I.R.C. § 6166 has ceased to apply. Such notice was sent to the Co-Trustees. [ECF 111-18 and 111-25]. Gov. Ex. 16, 80-81, ln 3-16; Gov. Ex. 23 at DOJ-452 (Ex. 47 to Vikki Depo).

27. On April 16, 2012, before Michael Paulson resigned as part of the 2013 Settlement Agreement, and ceased performing duties as the Executor, Vikki E. Paulson and Crystal Christensen, Successor Co-Trustees of the Living Trust, filed a third petition in the United States Tax Court (Dkt. 009605-12) on behalf of the Estate seeking a review of the Estate's Collection Due Process rights. At the

8

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

time this petition was filed, Michael Paulson had no fiduciary role in connection with the Living Trust, which was required to pay all estate taxes of owed by the Estate, and was not involved in this petition.  This Tax Court petition was dismissed on April 18, 2013, for lack of jurisdiction because the petition had not been signed by Michael Paulson who was, at that time, the court appointed Executor of the Estate.

28.     From 2007 through 2013, several disputes arose between Michael Paulson, Vikki Paulson, Crystal Christensen, James Paulson, and other interested parties in the Living Trust.  On January 15, 2013 these parties entered into a Settlement Agreement and Mutual General Release that formalized resolution to these disputes ("2013 Settlement Agreement").  Gov. Ex. 29 at DOJ-024403 to DOJ-024405.  Michael Paulson entered into the 2013 Settlement Agreement as an individual, as Executor of the Will of Allen E. Paulson, and as a beneficiary and major creditor of the Living Trust, and signed the 2013 Settlement Agreement in all of these capacities.  He signed individually, as a beneficiary, and a major creditor of the Living Trust as "J. Michael Paulson", and he signed "J. Michael Paulson, Executor" for the Estate of Allen E. Paulson.  Viki E. Paulson and Crystal L. Christensen each signed as "Co-Trustees" for the Living Trust.  On June 3, 2013, the Probate Court adopted the 2013 Settlement Agreement as an order of the Court.  A copy of the Stipulation and Order on Settlement Agreement and Mutual General Release, and attached 2013 Settlement Agreement, was previously marked and filed with the Court as Gov. Ex. 30 [ECF No. 111-32] and is attached to this stipulation as Gov. Ex. 30.

9

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant John Michael Paulson's Stipulated Statement of Facts re 26 U.S.C. § 2204 Discharge Issue

Dated: March 4, 2019

Fabian VanCott

s/ Kevin N. Anderson
KEVIN N. ANDERSON
kanderson@fabianvancott.com

Attorneys for Defendant John Michael Paulson

s/ Andrew L. Sobotka
Andrew L. Sobotka
Moha P. Yepuri
Attorneys, Tax Division
U.S. Department of Justice

Attorneys for Plaintiff United States of America

10

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I have been admitted pro hac vice to the United States District Court for the Southern District of California.

On March 4, 2019, I served true copies of the following document(s) described as **Plaintiff United States of America's and Defendant John Michael Paulson's Stipulated Statement of Facts re 26 U.S.C. § 2204(b) Discharge Issue** on the interested parties in this action as follows:

**BY ELECTRONIC MAIL:** I caused said document(s) to be served by means of electronic mail, to the parties and/or counsel as set forth in the service list obtained from this Court.

**SEE ATTACHED SERVICE LIST**

**BY UNITED STATES MAIL:** I caused said document(s) to be served by means of United States mail postage prepaid, to the parties and/or counsel as set forth in the service list obtained from this Court and as more fully described below.

> James D. Paulson
> 20600 Ventura Boulevard #1632
> Woodland Hills, CA 91364
> jdpaulson_2000@yahoo.com
> *Pro Se*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 4, 2019.

> By: */s/ Kevin N. Anderson*
>      An Employee of
>      FABIAN VANCOTT

11

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue

# SERVICE LIST
## United States of America v. John Michael Paulson, et al.
### Case No. 3:15-cv-02057-AJB-NLS

Andrew L. Sobotka
Moha P. Yepuri
U.S. Department of Justice
717 N. Harwood Street, Suite 400
Dallas, TX 75201
Andrew.L.Sobotka@usdoj.gov
Moha.P.Yepuri@usdoj.gov
*Attorneys for Plaintiff United States of America*

Glen A. Stankee
Jason Oletsky
Akerman LLP
350 East Las Olas Boulevard, Ste 1600
Ft. Lauderdale, FL 33301
glen.stankee@akerman.com
jason.oletsky@akerman.com
*Attorneys for Defendant/Cross-Claimant Madeleine Pickens*

Donald N. David
Akerman LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
Donald.david@akerman.com
*Attorneys for Defendant/Cross-Claimant Madeleine Pickens*

Joshua A. Mandell
Akerman LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017
joshua.mandell@akerman.com
*Attorneys for Defendant/Cross-Claimant Madeleine Pickens*

John C. Maloney, Jr.
Zuber Lawler & Del Duca LLP
One Penn Plaza Suite 4430
New York, NY  10119
jmaloney@zuberlaw.com
*Attorneys for Defendants and Cross-Defendants Vikki E. Paulson and Crystal L. Christensen*

Michele M. Desoer
Heming Xu
Zachary Stephens Davidson
ZUBER LAWLER & DEL DUCA LLP
777 South Figueroa Street, 37th Floor
Los Angeles, CA 90017
mdesoer@zuberlaw.com
hxu@zuberlaw.com
zdavidson@zuberlaw.com
*Attorneys for Defendants and Cross-Defendants Vikki E. Paulson and Crystal L. Christensen*

Executed on March 4, 2019.

By: */s/ Kevin N. Anderson*
    An Employee of
    FABIAN VANCOTT

12

Case No: 15cv2057 AJB NLS
Plaintiff United States of America's and Defendant
John Michael Paulson's Stipulated Statement of
Facts re 26 U.S.C. § 2204 Discharge Issue