**FILED**

AUG 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-55197 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02057-AJB-NLS |
| v. | Southern District of California, San Diego |
| JAMES D. PAULSON, individually; and as statutory executor of the Estate of Allen E. Paulson; VIKKI E. PAULSON, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Co-Trustee of the Allen E. Paulson Living Trust; CRYSTAL CHRISTENSEN, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Co-Trustee of the Allen E. Paulson Living Trust; MADELEINE PICKENS, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust; and as Trustee of the Madeleine Anne Paulson Separate Property Trust, | ORDER |
| Defendants-Appellees. | |
| UNITED STATES OF AMERICA, | No. 21-55230 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-02057-AJB-NLS |
| v. | |
| JOHN MICHAEL PAULSON, individually; and as Executor of the Estate of Allen E. Paulson; JAMES D. PAULSON, | |

individually; and as statutory executor of the Estate of Allen E. Paulson, MADELEINE PICKENS, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Trustee of the Marital Trust created under the Allen E. Paulson Living Trust; and as Trustee of the Madeleine Anne Paulson Separate Property Trust,

    Defendants,

 and

VIKKI E. PAULSON, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Co-Trustee of the Allen E. Paulson Living Trust; CRYSTAL CHRISTENSEN, individually; and as statutory executor of the Estate of Allen E. Paulson; and as Co-Trustee of the Allen E. Paulson Living Trust,

    Defendants-Appellants.

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

  Appellee Madeleine Pickens's motion to stay the mandate (Dkt. 76) is granted. The mandate is stayed pending the time to file a petition for certiorari. If no timely petition for certiorari is filed, the mandate will issue immediately upon the expiration of that filing deadline, absent an extension for good cause. If a timely petition for certiorari is filed, the mandate will issue immediately upon notice to this court that the Supreme Court has denied the petition for certiorari unless the court deems that extraordinary circumstances exist. If certiorari is

2

3

granted, the stay of the mandate will continue until the Supreme Court's final disposition. *See* Fed. R. App. P. 41(d).  If a petition for certiorari is filed, the moving party must notify this court in writing of that filing on the same day the petition is filed in the Supreme Court.